# IN THE MATTER OF THE ESTATE OF ELLEN NERAC, DECEASED.

RIGHT TO SUE A PERSON CONFINED IN THE STATE PRISON. — A creditor whose debtor is imprisoned in the State Prison for a term less than his natural life, may sue and subject the property of such debtor to the satisfaction of his debt, during the term of his imprisonment.

EFFECT, CIVILLY, OF CONVICTION FOR FELONY. — The forfeitures and disabilities imposed by the common law upon persons attainted of felony, are unknown to the laws of this State. No consequences follow a conviction of felony, except such as are declared by statute.

POWER OF PROBATE COURT OVER ESTATE. — The Probate Court can do no more than pay the claims against the estate and distribute the remainder among the heirs and devisees. It has no power to appropriate the share of an heir or devisee to the payment of his debts, even if the debt is in judgment and the devisee is in the State Prison under a conviction for a felony.

GARNISHMENT OF MONEY IN HANDS OF ADMINISTRATOR. — After the decree of distribution money in the hands of the administrator, distributed to an heir or devisee, may be garnished by a creditor of the distributee, or may be reached by proceedings supplementary to execution.

EFFECT OF IMPRISONMENT FOR FELONY.—One sentenced to the State Prison for a felony, for a term less than his natural life, is not dead in law. His civil rights in some matters are suspended, but the rights of his creditors are not suspended.

APPEAL from the Probate Court of the City and County of San Francisco.

Clark, the assignee of the judgment, appealed.
The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for Appellant.

The construction of the Court below was, practically, that the *civil rights* of Clark, and in fact of all creditors of Sagiel, were *suspended.* This is punishing the innocent, not the criminal. The statute suspends the civil rights of the person sentenced, but does not prevent a creditor from pursuing *his* remedy against the *estate* of the imprisoned; does not bar a tenant in common from maintaining partition, nor mortgagee from foreclosing, but would prevent the convict from maintaining any action as plaintiff. The California statute is a copy of that of New York; (Rev. Stat. N. Y., Vol. II, [701,] Sec. 19, 4th Ed. 885;) and under it, *Davis* v. *Duffie,* 8 Bos., was decided, holding that a judgment rendered against a convict (service of process having been made upon him after and while serving out his sentence) was valid, (*Phelps* v. *Phelps,* 7 Paige, 150;) and it follows the law would enforce it out of the convict's estate.

*Baynster* v. *Trussel,* Cro. Eliz. 576, held : " A person attainted of felony cannot plead his attainder in bar to a personal action, for he is equally liable to answer civilly as as if he was not attainted," and cites *Croft's Case,* where it was adjudged that a *capias ad satisfaciendum* would hold the body of a defendant who, when it was *issued,* was attainted; and when afterwards relieved from the attaint by pardon, the *capias* still authorized his imprisonment.

The fund was in custody of the law, and *hence it was proper* to apply to the Probate Court to direct *its officer* to pay the debt of Sagiel. The money in the hands of the administrator could not be levied on. (*Clymer* v. *Willis,* 3 Cal. 364; 3 Mass. 289; 17 Pick. 462.)

*John B. Felton,* and *Theodore H. Hittell,* for Respondent.

The Act concerning crimes and punishments provides that :

" Sec. 145. A sentence of imprisonment in the State Prison for a term less than life suspends all civil rights of

the person so sentenced during the term of imprisonment, and forfeits all public offices and all private trusts, authority, and power; and the person sentenced to such imprisonment for life shall thereafter be deemed civilly dead."

It seems to us that it is very easy to understand the meaning of the above provision, and that the learned counsel for appellant force and strain hard to put a wrong construction on it. They base their whole argument upon the assumption that the suspension of Sagiel's civil rights did not prevent the legacy of Ellen Nerac from passing to and vesting in him as a present right. They assume that the legacy in the hands of the administrator is Sagiel's money, and therefore they speak of the rights of his creditors to it, and term it "the estate of the imprisoned." The plain meaning of the statute, however, and of the decree of distribution is, that the legacy is not Sagiel's money, and will not be until his term of imprisonment expires. In other words, the legacy still remains an integral and intact portion of the estate of Ellen Nerac, deceased, and what claim or right in that estate Clark or any other creditor of Sagiel has, is more than we can understand.

In regard to the power of the Probate Court to direct the payment of a legacy to a creditor of the legatee, we may say that it is a doctrine of which we have not hitherto heard. We can find nothing in our Probate Act to authorize any such proceeding, and we are not referred to any authority in which such a practice has been pointed out. The learned counsel say that "the fund was in the custody of the law, and hence it was proper to apply to the Probate Court to direct its officer to pay the debt of Sagiel;" but, as we understand the Probate Law, however extensive the power of the Court to order paid the debts of Nerac in the settlement of her estate, it did not quite extend to the payment of the debts of other persons out of the estate. In fact, we are not able to see why the Probate Court should entertain the petition of Clark at all. It is true, that under the amendment

of May 20th, 1861, of section two hundred and fifty-eight of the Probate Act, the "grantee of the heir, legatee, or devisee" was allowed to apply for distribution of an estate; but even that right was taken away by the subsequent amendment of March 20th, 1866. (Stats. 1865–6, p. 328.)

By the Court, SANDERSON, J.:

The case shows that Ellen Nerac died on the 11th of November, 1863, leaving a last will and testament, by which she bequeathed her entire estate to Adrien Sagiel. That after administration, there was left of the estate, in the hands of the administrator, the sum of one thousand three hundred and twenty dollars and ten cents, coming, by virtue of the will, to Sagiel.

That on the 26th of November, 1862, Sagiel was convicted of a felony, and sentenced to imprisonment in the State Prison for the term of fifteen years, and that he is now in the State Prison, under and by virtue of said sentence.

That on the 8th day of April, 1867, one Knox recovered a judgment against Sagiel for the sum of five hundred dollars, and costs, which he afterwards assigned to one Clark, who is the appellant in this case.

That on the 13th of March, 1867, the administrator petitioned the Probate Court for a decree of distribution. At the hearing, Clark appeared and presented his judgment, duly authenticated, and petitioned the Court to apply so much of the money coming to Sagiel as would be required for that purpose to the payment and satisfaction of his claim.

The Court denied the petition of the appellant, and directed the money to be paid to Sagiel upon the termination of his imprisonment either by pardon or by the expiration of the term.

It is suggested by counsel that the denial of appellant's petition was founded in part by the Court below upon the one hundred and forty-fifth section of the Act in relation to crimes and punishments, which provides that a "sentence of

imprisonment in the State Prison for a term less than life suspends all civil rights of the person so sentenced during the term of imprisonment, and forfeits all public offices and all private trusts, authority and power; and the person sentenced to such imprisonment for life shall thereafter be deemed civilly dead."

By this provision of the statute the civil rights of Sagiel were suspended during the term of his imprisonment, except as hereinafter stated; but the civil rights of Knox and Clark were not suspended. The former had a right to sue, and the latter has a right to subject the property of Sagiel to the satisfaction of his judgment, for the sentence worked no forfeiture of Sagiel's estate.

The forfeitures and disabilities imposed by the common law upon persons attainted of felony are unknown to the laws of this State. No consequences follow, except such as are declared in the section to which we have referred. If the convict be sentenced for life, he becomes *civiliter mortuus*, or dead in law, in respect to his estate, as if he was dead in fact. If, however, he be sentenced for a term less than life, his civil rights are only suspended during the term, and he forfeits only all public offices and private trusts, authority and power.

What power he may retain over his estate, or how the same is to be cared for during his imprisonment, it is unnecessary to consider for the purposes of the present case, or what is to be considered as the full effect of the "suspension" for which the statute provides. In New York it is provided that a person imprisoned in the State Prison for a term less than life, shall be deemed to be an absconding debtor, and be dealt with according to the provisions of the statute in relation to that class of persons. So far as we are advised, there has been no legislation upon the subject in this State, except the Act of May 6th, 1862, (Stats. 1862, p. 496,) concerning conveyances, by which persons confined in the State Prison are allowed to make deeds and other instruments in the mode

there prescribed, with the like force and effect as if they were not so confined.

There being, then, no special mode provided by which creditors can reach the property of persons confined in the State Prison for a term less than life, and subject it to the satisfaction of their claims, it follows that they must have precisely the same means which they have in other cases. The mode attempted in this case, however, is unauthorized, so far as we are advised, by any provision of law. Under the Probate Act the Probate Court can do no more than pay the claims against the estate, and distribute the remainder among the heirs and devisees, or direct the administrator to do so. It has no power to appropriate the share of an heir or devisee to the payment of his debts. That would be to administer upon his estate before he is dead in law or fact. The only ground upon which that Court could take possession of Sagiel's money and apply it to the payment of Clark's judgment, would be that Sagiel is dead in law or in fact. As we have seen, he is neither dead in law nor in fact. The Probate Court pays the debts of the dead, and not of the living.

Counsel seem to be under the impression that there is no other way to reach the money in question, and, therefore, that the mode attempted must be allowed; and in support of that proposition, we are cited to cases which hold that money in the hands of the officers of the law cannot be reached by attachment.

It may be conceded that prior to a decree of distribution the money in the hands of an administrator cannot be reached by attachment or execution against the creditors, heirs, or devisees of the estate. If it be so, Clark is no worse off than he would be if Sagiel was out of prison, instead of in it. But we do not consider that the rule in question holds good after the decree of distribution has been made. By the decree each share is finally and definitely ascertained, and a cause of action thereafter exists against the administrator in favor of the distributee, and we are unable to perceive why,

on the score of public policy, or anything else, the money thus judicially determined to be due from the administrator to the distributee should not be within the reach of the creditors of the latter. We are aware that at an early day the contrary was held in some States—Massachusetts, Connecticut, Maine, and Arkansas. But in some of them the rule has been changed since by statute. It was held as indicated by us, however, in New Hampshire, Vermont, Delaware, Missouri, and Alabama. (Drake on Attachment, Sec. 492, *et seq.*) We consider it clear that after distribution has been decreed an executor or administrator may be garnisheed, or, if judgment has been already obtained against the distributee, that the money in their hands may be reached by execution or proceedings supplementary thereto. (Prac. Act, Sec. 238, *et seq.*)

Upon the question first considered by us, the following authorites are more or less in point: 1 Chitty Crim. L. 724; Fost. Crim. L. 61–63; *Baynster* v. *Trussell*, Cro. Eliz. 516; Viner's Abr. "Attainder;" *Ramsay* v. *McDonald*, 1 Wm. Black. 30; 1 Wilson, 217; *Dunham* v. *Drake*, Coxe, N. J. 315; *Coppin* v. *Gunner*, 2 Ld. Raym. 1,578; *Harvey* v. *Jacob*, 1 Barn. & Ald. 159; *Barrett* v. *Power*, 25 Engl. L. & E. 524; *Platner* v. *Sherwood*, 6 Johns. Ch. 118; *Davis* v. *Duffie*, 8 Bosw. 617.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.