## BROWN v. MANN.*

No. 9043; January 27, 1886.

9 Pac. 545.

**Appeal—Defendant Administrator—Felony.**—The fact that one of the defendants in whose favor a judgment was rendered in an action in which he was sued as administrator was convicted of embezzlement is not cause for dismissing an appeal, as in such case the administrator does not become civiliter mortuus, so that no notice of appeal could be served on him or his attorney.

**Pleading—Supplemental Complaint—Statute of Limitations.**—Where a supplemental complaint filed in 1879 sets forth a cause of action founded upon a verbal loan for one year, made in 1869, and secured by a deed, such action is barred by the statute of limitations.

**Trial.**—Findings Reviewed and Held to Cover All the Issues made by the pleadings, and to be sufficient.

APPEAL from Superior Court, County of Santa Cruz.

W. D. Story for appellant; C. B. Younger, J. A. Barham, F. Adams and A. Craig for respondents.

FOOTE, C.—The motion to dismiss the appeal herein is not well taken, and should be denied. It is made for the reason, as alleged, that one of the defendants, in whose favor a judgment was rendered in the trial court, was convicted of embezzlement, and, while acting as administrator, became civiliter mortuus, and that, being sued as such, no service of notice of appeal could be made on him or his attorney. No question of this kind was raised in any of the proceedings in this cause until judgment was had in favor of the defendant Otts, administrator, and his codefendants, and it is now raised for the first time to prevent this appeal from being heard.

We are of opinion that the reasoning of this court in the case of Estate of Nerac, 35 Cal. 396, 95 Am. Dec. 111, applies here, and said administrator, not being sentenced for life as a convict, his responsibilities to those having claims against him did not cease, although certain of his rights were for a time suspended. His letters as administrator were never revoked by the action

*For subsequent opinion, see 68 Cal. 517, 9 Pac. 549.

of the court, to which he was subject as such officer. He litigated with the plaintiff at every stage of the cause up to and including the rendition of the judgment in his favor, and only raises the point of his disability when an appeal is prayed for aimed at the reversal of that judgment. To allow his contention now to prevail would be manifestly unjust.

Leaving out of view for the present all other questions in the case, it becomes pertinent to determine if the plaintiff is entitled upon the findings to recover against any of the defendants, in view of the interposition of the plea of the statute of limitations. In his supplemental complaint he counts upon a cause of action which is upon a verbal loan for one year, made in 1869, and secured by a deed. This was not the same cause of action which was counted upon in the first complaint; that was upon a note secured by a mortgage of date the 4th of May, 1870. The supplemental complaint was not filed until the 12th of September, 1879, more than eight years after the note became due, and nine years after the debt of 1869 became due. As against all of the defendants, therefore, the action was barred by the statute of limitations when the supplemental complaint containing the new cause of action, the debt of 1869, was filed: Anderson v. Mayers, 50 Cal. 525.

It is claimed, however, that the court did not find upon all the material issues made by the pleadings. The finding upon the question as to whether the note was paid or not is, we think, though not very full, sufficient. There was no necessity to find whether or not the deed from T. W. and M. J. Mann to Abel Mann was without consideration, etc., for the reason that there was a finding showing such deed to have been null and void, and that the mortgage on which the action was based was made prior to that deed, and plaintiff could not have been injured thereby under section 3441 of the Civil Code.

It appears from the findings, taken as a whole, that the court determined the claims of defendants to the property therein described were not subject to the lien of plaintiff's mortgage, and the issue thus made was sufficiently passed upon. The findings are sufficient also as to the bar of the statute of limitations. Nor is the objection made as to finding 9, viz., that it was surplusage, tenable.

We perceive no prejudicial error in the record, and the judgment and order should be affirmed.

We concur: Searls, C.; Belcher, C. C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.