REID, MURDOCK & CO. *v.* BENZIE CIRCUIT JUDGE.

1. PLEADING—CAPIAS—FILING DECLARATION—LIMIT OF TIME.
    Plaintiff in a suit commenced by *capias ad respondendum* has until the end of the next term after the return of the writ in which to file his declaration; the statute (2 How. Stat. § 7312), and not the rules of court, controlling in such cases.

2. MANDAMUS—PREMATURE DEFAULT.
    *Mandamus* will lie to set aside a judgment by default which was prematurely entered.

*Mandamus* by Reid, Murdock & Company to compel Fred H. Aldrich, circuit judge of Benzie county, to set aside a default entered against relator in a suit by it against Henry R. Grostein. Submitted November 3, 1897. Writ granted December 21, 1897.

The following is a correct statement of this case, taken from relator's brief:

"Reid, Murdock & Co. sued Henry R. Grostein by *capias;* commencing its suit on the 8th day of November,

1895.  Arrest was made, and defendant was released on appearance bail November 9, 1895, and defendant was never thereafter in custody.  The writ was returnable December 10, 1895, and on the 30th of December, 1895, defendant filed special bail, but served no notice of his appearance.  The writ was returned January 10, 1896. The next term of the Benzie circuit court, after the writ was returned, began April 19, 1896.  Defendant entered a common order, defaulting plaintiff for not filing declaration, on the 23d day of January, 1896, and served no notice of the order.  On the 25th day of January, 1896, defendant made the default absolute, and secured the entry of a judgment in favor of the defendant, without notice.  On learning of the entry of the defaults and judgment, plaintiff moved to set the orders and judgment aside.  The motion was heard during the April term, 1896; the court announcing an order, on the hearing of the motion, setting the defaults and judgment aside, the substance of which order was entered in the journal, whereupon plaintiff filed and served its declaration; such filing and service being made within the next term of court after the writ was returned.  After the declaration had been filed and served, the court, at the instance of defendant, without notice to plaintiff, set aside the order vacating the defaults and judgment, and held the matter open for further argument, which was had by brief; and the court made no final order upon the motion until the 29th day of July, 1897, on which day the court denied the motion to set aside the defaults, and permitted them to stand.  Thereupon plaintiff petitioned this court for a writ of *mandamus,* which is the subject of this application."

*Bundy & Travis,* for relator.

GRANT, J. (*after stating the facts*).  The proceedings in these cases are governed by the statute, and not by the rules of court.  *Fish* v. *Barbour,* 43 Mich. 19.  The entry of plaintiff's default in not filing its declaration was premature.  It was entitled to file a declaration at any time before the end of the next term after the return of the writ.  2 How. Stat. § 7312.

The writ will issue as prayed.

The other Justices concurred.