[S. F. No. 1662.   Department Two.—May 31, 1899.]

WALTER A. COFFEE, Respondent, v. THEODORE PARK
    HAYNES, Defendant.   I. W. LEES, Chief of Police, et
    cetera, Appellant.

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF GARNISHEE
    —SUFFICIENCY OF AFFIDAVIT.—An affidavit for an order of examina-
    tion of a garnishee who had been served with a writ of ex-
    ecution, which states that the garnishee "has property of said
    judgment debtor," et cetera, is not insufficient under section
    717 of the Code of Civil Procedure, because not describing the
    property.   Such statement is not a statement of a mere conclu-
    sion of law.

ID.—WAIVER OF OBJECTION—APPEARANCE OF GARNISHEE—HEARING UPON
    CITATION.—The appearance and answer of the garnishee, and his
    proceeding to the hearing of the citation issued upon the affidavit,
    is a waiver of any objection to its insufficiency.

ID.—VALIDITY OF PROCEEDINGS—JUDGMENT DEBTOR NOT NOTIFIED—CON-
    STITUTIONAL LAW.—Sections 717 and 719 of the Code of Civil Pro-
    cedure, providing for proceedings under execution against per-
    sons having property of the judgment debtor, are not uncon-
    stitutional because not providing for notice to the judgment
    debtor, or giving him an opportunity to be heard.

ID.—JURISDICTION OF PROCEEDING—CIVIL DEATH OF DEFENDANT.—The
    jurisdiction of the court to enforce an execution against the
    property of a defendant in an action brought against him be-
    fore his trial under a charge of murder is not divested or af-
    fected because the judgment was entered against him after
    his civil death by sentence to imprisonment for life in the state
    prison.   Civil death is not identical in law with physical death;
    and, under our code, it does not interfere with the disposition
    of the property of the life convict or the taking of it to pay
    his debts.

ID.—PROPERTY HELD BY CHIEF OF POLICE—CUSTODY OF LAW—BAILMENT
    —GARNISHMENT.—Property of a defendant charged with murder,
    the custody of which by the chief of police was not ac-
    quired from the person of the defendant, and had no connec-
    tion with the cause of his arrest, but was acquired by direc-
    tion of the defendant and with his consent from the cabin
    occupied by the defendant, and the production of which upon
    his trial was not made, and was not necessary for any purpose,
    is held by the chief of police as a bailee of the defendant, and
    is not in the custody of the law, but may be reached by garnish-
    ment.

APPEAL from an order of the Superior Court of the City
and County of San Francisco, requiring the Chief of Police of

said City and County, as garnishee, to pay moneys under an execution. John Hunt, Judge.

The facts are stated in the opinion.

J. J. Dunne, Assistant District Attorney, for Appellant.

The affidavit for the order of examination being in the language of the statute, and not stating any probative facts, is insufficient. (*Collins v. Beebe*, 54 Hun, 318; 1 Boone's Estee on Pleadings, sec. 188.) The defendant, being civilly dead, the court had no jurisdiction of the proceeding. (Pen. Code, sec. 673-75; *Estate of Nerac*, 35 Cal. 392.) Sections 717 and 719 of the code are unconstitutional in not providing for notice to the judgment debtor. (*Cooper v. Board*, 108 Eng. Com. L. 182; *Bryant v. Bank of California*, 8 Pac. Rep. 644; *Mulligan v. Smith*, 59 Cal. 206; *Stuart v. Palmer*, 74 N. Y. 183; *Maine v. Central Vt. R. R.*, 50 Hun, 347.) The property in the hands of the chief of police was in the custody of the law, and could not be attached. (*Commercial etc. Bank v. McLeod*, 65 Iowa, 665; *Rex v. O'Donnel*, 7 Car. & P. 138; *Simpson v. St. John*, 93 N. Y. 363; Freeman on Executions, 2d ed., sec. 130 a; *Curtis v. Ford*, 78 Tex. 262; 10 L. R. Ann. 529; *Born v. Williams*, 81 Ga. 798; *Robinson v. Howard*, 7 Cush. 257; *Morris v. Penniman*, 14 Gray, 220; *Byrne v. Byrne*, 89 Wis. 659; *Dahms v. Sears*, 13 Or. 47; *Connolly v. Thurber Whyland Co.*, 92 Ga. 651; *Hill v. Hatch*, 99 Tenn. 39; *Ex parte Harne*, 25 Am. St. Rep. 23-35.)

George D. Collins, for Respondent.

Sections 717 and 719 of the Penal Code are constitutional. (*High v. Bank of Commerce*, 95 Cal. 386; *Herrlich v. Kaufmann*, 99 Cal. 271; *Deering v. Richardson*, 109 Cal. 73; *Murray v. Hoboken etc. Co.*, 18 How. 272.) Insufficiency of the affidavit cannot be considered on appeal for the first time. (*Baxter v. Hart*, 104 Cal. 344; *Shain v. Sullivan*, 106 Cal. 208; *First Nat. Bank v. Wilson*, 13 Hun, 232.) The defect, if it existed, would not render the order of examination void. (*Fleming v. Tourgee*, 40 N. Y. St. Rep. 705; 16 N. Y. Supp. 2; *Collins v. Angell*, 72 Cal. 513.) Civil death of the judgment debtor did not affect his liability to suit in a civil action. (6 Am. & Eng. Ency. of

Law, 2d ed., 65.)  The money was never in custody of the law, the property not having been taken from the person of the prisoner, nor by any legal process; and the chief of police was a mere bailee of the judgment debtor.  (Mechem on Public Officers, sec. 876; Waples on Attachment, sec. 411; *Kimball v. Richardson*, 111 Cal. 386; *Burr v. Mathers*, 51 Mo. App. 470; *Campbell v. Williams*, 39 Iowa, 646; *Cooley v. Davis*, 34 Iowa, 128; *Gilman v. Williams*, 7 Wis. 329, 334.)

CHIPMAN, C.—Action for the value of certain legal services as attorneys-at-law rendered defendant Haynes by plaintiff's assignors.  Plaintiff recovered default judgment for nineteen hundred and twenty dollars on June 21, 1898, and on the same day a writ of execution was duly issued in the action and was served upon appellant Lees June 22d, as garnishee.  Appellant answered as follows: "San Francisco, June 22, 1898.  (Directed to the sheriff.)  Dear Sir: Replying to your process of garnishment . . . . I have in my possession no moneys . . . . belonging to Theodore P. Haynes, . . . . except such as has come into my possession in my official capacity . . . . by reason of said . . . . (defendant) having been a prisoner in my custody, and any and all of which property is exempt from attachment or execution by reason of its having come into my custody in the manner aforesaid.  Yours respectfully, I. W. Lees, Chief of Police."  Thereafter, and on the same day, plaintiff filed his affidavit in the court praying an order of the court directed to the said Lees to show cause why he should not obey the writ of execution.  On June 27th, the judge issued an order requiring the said Lees to show cause, to which the latter made written return under oath July 1, 1898.  The matter was heard upon the papers and upon the proofs submitted at the hearing, and the court ordered the said Lees to pay over to the sheriff the sum of nine hundred and forty-seven dollars and forty-five cents.  The appeal is from this order and is here upon bill of exceptions.

On March 23, 1898, Lieutenant Burke, of the police department of San Francisco, was shot and killed by defendant, who was promptly arrested and brought to the police station, where he continually proclaimed that the men who had visited him on the occasion of the lieutenant's death were robbers and thieves,

and that the lieutenant was not an officer, but was a robber and had come there to rob him. It was suggested to defendant that these persons would not have robbed him of much if they had robbed him, whereupon he disclosed the fact that he had money hid away and buried. To determine whether this was a mere delusion appellant went to defendant's cabin, taking defendant with him. A search was made under defendant's direction, and under the cabin floor a considerable sum of money was unearthed and some jewelry contained in tin cans. Appellant believed, from the persistent claim of defendant that he was about to be robbed, and from his conduct in the matter, that some question was raised as to defendant's sanity, and that whether the existence of this money was or was not a mere delusion was a material fact bearing upon defendant's sanity. It seems that defendant stated with great accuracy just what he had buried away in each tin can, and it was thought by appellant that to that extent this knowledge showed that he was sane; and it was claimed by appellant that the money so seized was necessary evidence to be used at the trial, and hence could not be taken by attachment. It is not disputed that the money belonged to defendant. His examination took place on April 11, 1898, and his trial began on June 8th following; he was convicted on June 13th and was sentenced to imprisonment for life.

1. It is claimed that the affidavit of plaintiff for the order of examination is fatally defective, because it fails to state facts showing that the garnishee has property of the judgment debtor; that the statement in the affidavit that such garnishee "has property of said judgment debtor," et cetera, is a mere conclusion of law, and hence the affidavit is a nullity and the order void.

The point was not raised at the hearing in the superior court. Appellant appeared and answered, and proceeded to the hearing upon the citation issued upon this affidavit, and appellant must be held to have waived any objection to its sufficiency. Furthermore, we think the affidavit was a substantial compliance with section 717 of the Code of Civil Procedure.

2. It is further claimed that sections 717 and 719 of the Code of Civil Procedure are unconstitutional for the reason that no provision is made for notice to the judgment debtor and no op-

portunity given him to be heard. The question has been other-
wise decided by this court.    (*High v. Bank of Commerce*, 95 Cal.
386.)

3. It is claimed that defendant was civilly dead when the order
was made, and the court was without jurisdiction to make the
order. (Citing sections 673, 674 and 675, Penal Code.) By sec-
tion 673 "a sentence of imprisonment in a state prison for any
term less than for life suspends all the civil rights of the per-
son so sentenced." By section 674 "a person sentenced to
imprisonment in the state prison for life is thereafter deemed
civilly dead." By section 675 it is provided: "That the pro-
visions of the last two preceding sections must not be construed
to render the persons therein mentioned incompetent as wit-
nesses upon the trial of a criminal action or proceeding, or in-
capable of making and acknowledging a sale or conveyance of
property." Section 677 provides: "No conviction of any person
for crime works any forfeiture of any property, except in cases
in which forfeiture is expressly imposed by law. . . . ." Under
a statute similar to section 674 it was held in *Estate of Nerac*, 35
Cal. 392, 95 Am. Dec. 111, that the suspension of the civil rights
of the person sentenced to imprisonment in a state prison for a
term less than life did not suspend the civil rights of his credi-
tors, and that they still had the right to subject the property of
the person so sentenced to the satisfaction of their judgment;
and that no consequences follow, except such as are declared by
the statute.    Appellant invokes the rule *expressio unius*, et cet-
era, and argues that the consequences of civil death are such that
the only rights reserved are those enumerated in section 675. If
this be conceded as to the person sentenced, still it does not fol-
low that the creditors lose all rights. He may be entitled to
bring an action, but actions may be brought against him. (6 Am.
& Eng. Ency. of Law, p. 65, title "Civil Death," and cases cited.)
The proceeding before us is not against the defendant, but
against his creditor. The action was begun before defendant's
trial on the criminal charge, but judgment was not entered until
after his conviction. But we think plaintiff had a right to enforce
the judgment subsequently entered. We cannot agree with ap-
pellant that civil death is identical in law with physical death.
We are referred to *Estate of Nerac, supra*, where it was said: "If

the convict be sentenced to life he becomes *civiliter mortuus,* or dead in law, in respect to his estate, as if he was dead in fact." That case called for no expression of opinion as to the consequences following a life sentence, and the declaration was therefore *obiter.* Our statute now makes the life convict a competent witness in criminal actions and capable "of making and acknowledging a sale or conveyance of property." (Section 675, *supra.*) If he may sell his property we can see no reason why his property may not be taken to pay his debts.

4. Error is claimed because the court refused to admit evidence that at the trial of defendant on the charge of murder his counsel interposed the plea of insanity. There was no claim made by appellant at the hearing of this citation that defendant was in fact insane; on the contrary, appellant expressly refrained from taking that position, and it must be presumed from the fact that defendant was convicted that the plea of insanity, if offered, did not prevail. Appellant was, therefore, not prejudiced by excluding this evidence even if it were material, which we do not think it was.

5. The principal question presented is whether the money was protected from process because in *custodia legis.*

It was held in *Hathaway v. Brady,* 26 Cal. 581, where money is deposited with the sheriff by a defendant to procure the release of an attachment, it is in the custody of the law; but, as was said in *Kimball v. Richardson-Kimball Co.,* 111 Cal. 386, this is true because the money thus deposited becomes "a symbol of and stands in place of the attached property." In the Kimball case it was said: "It is only where property is lawfully taken by virtue of legal process that it is in the custody of the law, and not otherwise." (Citing *Gilman v. Williams,* 7 Wis. 334; 76 Am. Dec. 219.) It is generally held to be the law that property taken from a prisoner on his arrest by an officer charged with that duty is not, while in the hands of such officer, subject to levy, and cannot be reached by the process of garnishment, the reason being that to hold otherwise would lead to a grave abuse of criminal process. (1 Freeman on Executions, sec. 130*a;* 2 Freeman on Executions, sec. 255.) Mr. Freeman says, *supra:* "This exception is not strictly on the ground that the property is in the custody of the law, for the charge under which the arrest was made may

not relate to the property taken from the prisoner, and under no circumstances could it affect the title thereto."

In the case here the money was not taken at the time of the arrest, nor from the person of the defendant, and had no connection whatever with the cause of the arrest. Appellant came into possession of it by direction of defendant, and with his consent. Appellant is neither more nor less than the bailee of defendant. He does not hold the money in his official capacity, and owes no duty to disburse it in such capacity, and we think it may be reached by garnishment. (Mechem's Pub. Off., sec. 876; Waples on Attachment, sec. 411, citing the instructive case *Ex parte Hurn*, 92 Ala. 102; 25 Am. St. Rep. 23.) Appellant makes the shadowy claim that the money was necessary at the trial to aid in establishing defendant's sanity. But the evidence is that it was not introduced at the trial, and it appears to us it was in no sense necessary to have the money in court to show the fact upon which appellant relied to prove defendant's sanity. The important fact was that he told with accuracy how much money he had and where it could be found. That could be conclusively proved without profert of the money itself. Suppose the money had been lost by or stolen from appellant before the trial of defendant; would there have been any difficulty in proving the essential fact bearing upon defendant's sanity? Certainly not. It seems to us quite clear that this money was not in the custody of the law, although in the custody of an officer of the law. The custody of the officer is not necessarily nor always the custody of the law. We are not called upon to say under what circumstances property taken from or belonging to a prisoner will be protected from civil process in civil actions against the prisoner. The decisions are not altogether harmonious upon the question. But we are satisfied that the property in the present case does not come within the reason of the rule and ought not to be placed within its operation.

The order should be affirmed.

Cooper, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.                    Henshaw, J., Temple, J., McFarland, J.