His Honor, EMILE GOD'CHAUX,
rendered the opinion and decree of the Court, as follows:
On June 5, 1915, defendant was arrested without warrant and incarcerated in this city as a fugitive from justice for having fled from Mobile, Ala., upon being indicted for having, in February, 1914, obtained money by false pretenses. He was searched and the sum of $260.00 belonging to defendant, was found upon and taken from his person and is still held by the criminal authorities effecting his arrest. Two days after his arrest, the present suit against .defendant,, accompanied by an attachment and garnishment of said sum of money in the hands of the criminal authorities, was filed by plaintiff for the re *175 covery of a civil debt arising ont of a transaction entirely unrelated to tbe offense charged against defendant or to the money that was taken from his person as aforesaid.
Defendant’s rule to set aside and dissolve the attacnment of this fund was made absolute and the correctness of this ruling is the only matter before us for review.
After an extended examination'of the authorities we are satisfied that the judgment must be affirmed, for we have found the law to be that money belonging to a prisoner, and taken from his person and held by the criminal authorities effecting his arrest, is in legal contemplation still upon his person except for the purposes for which it was impounded; and it is therefore as free from the pursuit .of his creditors through the process of attachment or garnishment as though it had remained in fact upon his person. The rule is founded upon the principle that property while carried, upon the person is not subject to attachment and is sustained upon the ground that the contrary rule might lead to a gross abuse of the criminal process.
Freeman on Executions, Vol. 1, Sec. 130, A., Vol. 2, Sec., 255.
Holker vs. Hennessy, 39 L, R. A., 168 (Mo.).
Coffee vs. Haynes, 71 Am. St, Rep., 99; 57 Pac., 482 (Cal).
Hubbard vs. Garner, 73 N. W., 391 (Mich.), and authorities cited.
Commercial Bank vs. McLeod, 19 N. W., 329 and 22 N. W., 919 (Iowa.).
Ex Parte Hurn, 13 L. R. A., 120 (Ala.).
Verbo, Arrest, 5 Corpus Juris, p. 434..
See Richoux vs. Mayer Bros., 29 A., 828.
*176 Opinion and decree, February 14th, 1916.
We reach this conclusion independently of the provisions of Act 101 of 1908, which, even if it he unconstitutional, as contended for by plaintiff:, at least exhibits the legislative appreciation of the status of such property.
The judgment is accordingly affirmed.
Affirmed.