[Sac. No. 3747. In Bank.—June 4, 1926.]

JOHN M. EMMANUEL, Respondent, v. ALBERT SICHOF-SKY, Defendant; J. J. SMITH, Warden, etc., Appellant.

[1] ATTACHMENT—MONEY ON PRISONER—CUSTODY OF THE LAW.—As a general rule, if money on the person of a prisoner when outside the prison walls is not subject to seizure, it is not subject to attachment or garnishment when it passes involuntarily from his possession to the custody of the officer appointed by law to take it into possession, when such person enters as a prisoner within the walls.

[2] ID.—EXECUTION—MONEY OF PRISONER IN HANDS OF STATE PRISON WARDEN.—Money of a prisoner in the state's prison, which has been turned over to the warden under section 1587 of the Penal Code, is subject to execution on a judgment obtained against the prisoner after his conviction.

[3] PRISONERS—CONVICTION OF FELONY—EFFECTS OF.—No consequences follow a conviction of felony, except such as are declared by statute; the convicted person is not dead in law; his civil rights in some matters are suspended, but the rights of his creditors are not suspended.

---

(1) 6 C. J., p. 210, n. 21.   (2) 6 C. J., p. 211, n. 22.   (3) 13 C. J., p. 918, n. 99.

1. Money or other property taken from prisoner as subject of garnishment, note, 16 A. L. R. 378. See, also, 15 Cal. Jur. 101; 12 R. C. L. 811.

2. See 12 R. C. L. 812.

3. See 21 Cal. Jur. 463; 5 R. C. L. 603.

APPEAL from an order of the Superior Court of Sacramento County directing payment of certain moneys held by a warden of the state's prison. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Robert T. McKisick, and Thomas C. Christensen, Deputies Attorney-General, for Appellant.

Paul A. Vincilione and Marshall B. Woodworth for Respondent.

Martin I. Welsh and Robt. H. Schwab for Defendant.

WASTE, C. J.—Appeal from an order of the superior court made in proceedings supplemental to execution. The defendant Sichofsky was prosecuted and convicted in the superior court of Los Angeles County on a charge of grand larceny and felony embezzlement. He appealed from the judgment of conviction, which was subsequently affirmed. (58 Cal. App. 257 [208 Pac. 340].) While the appeal was pending Sichofsky became a fugitive from justice. Some three years thereafter he was recognized and taken into custody by the sheriff, who delivered him to the warden of the state prison, there to serve his sentence. The sheriff, upon taking him into custody, found $35,890 in currency, other money, and some valuable diamonds upon Sichofsky's person, and upon delivering him to the prison turned the money and property over to the warden, to be kept by the latter pursuant to section 1587 of the Penal Code. Thereafter the plaintiff, Emmanuel, brought an action in the superior court of Sacramento County against Sichofsky, and obtained judgment against him for $14,300, with costs, for moneys loaned and advanced by Emmanuel to Sichofsky, and for merchandise entrusted by plaintiff to defendant to be sold and accounted for by the latter, and which Sichofsky had in fact sold and converted the proceeds thereof to his own use. These financial transactions between Emmanuel and Sichofsky appeared to have occurred subsequent to the latter's trial and conviction, and after he had become a fugitive from justice. Execution was issued upon this judg-

ment and levy thereof made upon the warden of the prison where Sichofsky was confined. Upon affidavit of counsel for plaintiff the warden was cited to appear before the superior court (Code Civ. Proc., sec. 717 et seq.) to answer concerning the property of the prisoner within his possession. The warden admitted that he held the money, but contended that it was *in custodia legis* and not subject to seizure under execution. The lower court, after hearing, made its order requiring the warden to pay over to the sheriff sufficient of the money in his custody to satisfy the execution. From this order the warden has appealed.

[1] From the authorities upon the subject it may be gathered as a general rule that if money on the person of a prisoner when outside the prison walls is not subject to seizure, it is not subject to attachment or garnishment when it passes involuntarily from his possession to the custody of the officer appointed by law to take it into possession, when such person enters as a prisoner within the walls. Public policy requires the adoption and maintenance of this rule. Were it otherwise it would lead to a grave abuse of criminal process. It would tempt creditors whose debtors keep their funds upon their persons, and thus beyond the reach of civil process, to make unfounded criminal charges against their debtors, and bring about their arrest and the transfer of their funds to the custody of the arresting officers, in order to make them reachable by the process of garnishment. It needs no citation of the cases to show that the general rule, as thus broadly stated, is supported by the preponderance of authority. Appellant's position is that the rule finds expression in the section of the Penal Code (sec. 1587) wherein it is provided that the warden of the prison shall keep a correct account of all money and valuables upon the prisoner when delivered at the prison, and that each convict, when he leaves the prison, shall be supplied with the money taken from him, and which he has not disposed of. Assuming that to be so, it does not follow that the rule must be applied in every case. In *Coffee* v. *Haynes,* 124 Cal. 561 [71 Am. St. Rep. 99, 57 Pac. 482], the principal question presented was whether money belonging to a convicted murderer which was still in the possession of the arresting chief of police, as garnishee, was protected from process because *in custodia legis.* It was held (page 567)

that the property did not come within the reason of the rule and ought not to be placed within its operation.

[2] Respondent earnestly contends, and with much reason, that the rule should be confined in its application to cases where money or property of the prisoner has been taken from his person by the arresting officer in connection with his arrest upon a criminal *charge,* and before his conviction. It is argued that where the reason for the rule ceases the rule itself should cease, and the reason for the rule is not applicable at all to the present case. The arrest of Sichofsky, when the money was found on his person, was not made as the result of any criminal charge filed against him, either by procurement of this plaintiff or of anyone else. It was because he was a fugitive from justice and, in a sense, an escaped convict. His conviction may well be regarded as conclusive evidence that the charge against him was not "trumped up," and that his arrest after conviction did not involve an abuse of process. It seems to us that it does no violence to the application of the rule in question to hold that it may properly be limited to those cases where the money or property is taken from the person of the prisoner in connection with his arrest upon a criminal charge, and may as properly be held inapplicable to cases like this, arising after his conviction upon the charge. A person sentenced to imprisonment in the state prison for life is civilly dead (Pen. Code, sec. 674), but the forfeitures and disabilities imposed by the common law upon persons attainted with felony are unknown to the laws of this state. [3] No consequences follow a conviction of felony except such as are declared by statute. The convicted person is not dead in law. His civil rights in some matters are suspended, but the rights of his creditors are not suspended. (Pen. Code, sec. 673; *Estate of Nerac,* 35 Cal. 392 [95 Am. Dec. 111]; *Coffee* v. *Haynes, supra.*) He is not, by reason of the conviction, rendered incompetent as a witness upon the trial of a criminal action or proceeding, or incapable of making and acknowledging a sale or conveyance of real property (Pen. Code, sec. 675), and this court said, in *Coffee* v. *Haynes, supra,* (page 566): "If he may sell his property we can see no reason why his property may not be taken to pay his debts." While the money involved in that case was held not to be *in custodia legis,* by reason of the circumstances under

which it was obtained by the arresting officer, the reasoning in the case is persuasive and the decision is authority for the rule that "the custody of the officer is not necessarily nor always the custody of the law." The distinction to be drawn in the cases, and applicable here, is that the general rule rests for its application to cases in which the money is taken from a prisoner on his arrest by an officer charged with that duty. After a final conviction in a criminal case the purpose of the legal custody of the money or property taken from the person of the prisoner has presumably been accomplished. (*Holker* v. *Hennessey*, 141 Mo. 527, 544 [64 Am. St. Rep. 524, 39 L. R. A. 165, 42 S. W. 1090].) To permit the application of the rule of *custodia legis* to this case would be to subject to misuse and grave abuse a rule salutary and beneficent in its effect when properly applied.

The order of the lower court is affirmed.

Seawell, J., Shenk, J., Curtis, J., Richards, J., Lennon, J., and Finlayson, J., *pro tem.*, concurred.