[Civ. No. 13579. Second Dist., Div. Two. May 1, 1942.]

Estate of LAURA L. DICKINSON, Deceased. EVALYN M. NICHOLS et al., Appellants, v. JEAN LOUISE HAYWARD et al., Respondents.

John A. Jorgenson for Appellants.

Paul Angelillo for Respondents.

HANSON, J. pro tem.—This appeal presents primarily the question whether a person who has been sentenced to serve a term for less than life in a penitentiary of this state is capable of inheriting real estate where execution of the sentence stands suspended by order of the judge who sentenced her. The trial court ruled that such a person is capable of inheriting under our laws of descent. We think the ruling was correct.

Respondent Hayward pleaded guilty to a felony punishable by imprisonment in the penitentiary for less than life. On January 26, 1940, the court pronounced judgment and sentenced her to the penitentiary for a term less than life, but at the same time suspended execution of the sentence and placed her on probation for fourteen years upon conditions named. Subsequently, on September 18, 1940, the grandmother of respondent Hayward died intestate, leaving as her next of kin a daughter and respondent Hayward, a granddaughter.

Appellants contend (1) that where a person, as here, was sentenced to the penitentiary prior to the repeal in 1941 of Penal Code section 673, even though execution of the sentence is suspended and the offender placed on probation, she is without civil rights; and (2) that a person without civil rights is incapable of inheriting. As in our view a person who has lost his civil rights under the statute is capable of inheriting, we need not pass on the first contention made by appellants.

Penal Code sections 673 and 677 (now repealed and superseded by sections 2600, 3054 and 3055) so far as here material respectively read:

"A sentence of imprisonment in a state prison for any term less than life suspends all the civil rights of the person so sentenced, and forfeits all public offices and all private trusts, authority, or power during such imprisonment."

"No conviction of any person for crime works any forfeiture of any property, except in cases in which a forfeiture is expressly imposed by law; and all forfeitures to the people

of this state, in the nature of a deodand, or where any person shall flee from justice, are abolished.''

Counsel on both sides seem to have overlooked the fact that the Supreme Court as early as 1868 construed the identical language found in Penal Code section 673, at that time section 145 of the ''Act in relation to crimes and punishment.'' In *Matter of Estate of Nerac,* 35 Cal. 392 [95 Am. Dec. 111] (1868), a judgment creditor of one Sagiel, who was the sole beneficiary of the estate, sought to reach Sagiel's interest by presenting his judgment to the court for payment at the time the executor's petition for an order of distribution was being heard. Sagiel at the time was serving a term in the penitentiary, and it was while he was thus imprisoned that Ellen Nerac died, naming Sagiel by her will as the sole beneficiary of her estate. The trial court denied the creditor relief founded in part on the provisions of the statute with reference to civil death. In dealing with that contention the court said: ''By this provision of the statute the civil rights of Sagiel were suspended during the term of his imprisonment, except as hereinafter stated; but the civil rights of Knox and Clark were not suspended. The former had a right to sue, and the latter has a right to subject the property of Sagiel to the satisfaction of his judgment, for the sentence worked no forfeiture of Sagiel's estate. The forfeitures and disabilities imposed by the common law upon persons attainted of felony are unknown to the laws of this state. No consequences follow, except such as are declared in the section to which we have referred. If the convict be sentenced for life, he becomes *civiliter mortuus,* or dead in law, in respect to his estate, as if he was dead in fact. If, however, he be sentenced for a term less than life, his civil rights are only suspended during the term, and he forfeits only all public offices and private trusts, authority and power.'' However, the court held that the mode adopted by the creditor was erroneous, as ''the only ground upon which that court could take possession of Sagiel's money and apply it to the payment of Clark's judgment would be that Sagiel is dead in law or in fact.'' Accordingly it affirmed the trial court, but in doing so stated that the interest of Sagiel could be reached by attachment.

Since the decision of the Supreme Court in the cited case it has never been doubted that one imprisoned in the penitentiary for a term less than life is capable of inheriting. Moreover, by Penal Code section 677 the inheritance may

not be forfeited. See, also, *Emmanuel* v. *Sichofsky,* 198 Cal. 713, [247 Pac. 205, 48 A.L.R. 580], citing the Nerac case. The principle announced in *Estate of Nerac, supra,* was reflected in *Brown* v. *Mann,* 68 Cal. 517 [9 Pac. 549], where it was held that a notice of appeal served by a plaintiff on defendant, an administrator, while he was serving a term in a penitentiary for less than life was effective. The holding was based on the fact that defendant had been removed as administrator and that the civil right involved was not suspended by code section 673.

Order affirmed.

Wood (W. J.), Acting P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 29, 1942.