[No. D029758. Fourth Dist., Div. One. Mar. 26, 1998.]

In re ALAN M. BETTS on Habeas Corpus.

**COUNSEL**

John L. Staley, under appointment by the Court of Appeal, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Peter J. Siggins, Assistant Attorney General, Darrell Lepkowsky and Timothy C. Foote, Deputy Attorneys General, for Respondent.

**OPINION**

**McINTYRE, J.**—In April 1995, Alan M. Betts was convicted of first degree murder and sentenced to life imprisonment without the possibility of parole and ordered to pay a restitution fine of $200 to the victims' Restitution Fund under Government Code section 13967, subdivision (a). In December 1995, pursuant to Penal Code section 2085.5, subdivisions (a) and (c), the California Department of Corrections (CDC) began to collect Betts's

restitution fine by deducting a total of 22 percent from his trust account deposits and/or wages—20 percent for the fine, and 2 percent for administrative costs.

■ Betts contends these deductions are improper because he claims Code of Civil Procedure[1] section 704.090 provides that any and all moneys held in trust for or to the credit of an inmate, including wages and money awaiting deposit into a prison trust account, are exempt from the enforcement of money judgments in the amount of $1,000 prior to January 1997 and $300 thereafter.

We disagree because Betts has misinterpreted section 704.090. The statute provides an exemption for funds held *in* an inmate's trust account or similar account. It does not apply to trust account *deposits* or give an inmate the unfettered right to deposit or "build up" his or her account to the exemption amount.

### DISCUSSION

#### *Deductions Made From December 1995 to the End of 1996*

The version of section 704.090 that applied when restitution deductions were made from December 1995 to the end of 1996 provided that funds "held in trust for or to the credit of the judgment debtor, *in an inmate's trust account or similar account* by the state, county, or city, or any agency thereof, are exempt without making a claim in the amount of one thousand dollars ($1,000)." (Stats. 1982, ch. 1364, § 2, p. 5158, italics added.)

Betts has seized upon the language: "funds held in trust for or to the credit of" to make the argument that section 704.090 prevents the CDC from making deductions in his wages and trust account deposits, because these are moneys held to his "credit." Put another way, he contends the phrase "to the credit of" includes moneys received by the CDC prior to being put into his account. However, Betts's argument completely ignores express language in section 704.090 requiring the funds held in trust for or to an inmate's credit be "in an inmate's trust account or similar account" in order for the exemption to apply. Thus, Betts's interpretation is contrary to the plain meaning of the statute and legislative intent, and we reject it. (See 16 Cal. Law Revision Com. Rep. (Sept. 1982) p. 1091.)

#### *Deductions Made From January 1997*

In 1996, the Legislature considered eliminating the trust account exemption entirely in cases where a restitution fine or restitution order had been

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

imposed upon the inmate. (Assem. Bill No. 2898 (1995-1996 Reg. Sess.) § 1, as introduced Feb. 22, 1996.) However, it decided instead to reduce the amount of the exemption, "making all but $300 in inmate trust accounts available for restitution fines and orders enforceable as civil judgments." (Assem. Com. on Appropriations, Analysis and Fiscal Summary of Assem. Bill No. 2898 (1995-1996 Reg. Sess.) as amended July 7, 1996.)

Accordingly, section 704.090 was amended, effective January 1, 1997. (Cal. Const., art. IV, § 8, subd. (c).) The original version of the statute, providing for a $1,000 exemption for funds held in trust for or to the credit of an inmate in a trust account or similar account, was designated as subdivision (a). Then subdivision (b) was added, which provides: "Notwithstanding subdivision (a), if the judgment is for a restitution fine or order . . . the funds held in trust for, or to the credit of, a judgment debtor described in subdivision (a) are exempt in the amount of three hundred dollars ($300) without making a claim." (§ 704.090, subds. (a) & (b); Stats. 1996, ch. 1077, § 1.)

Section 704.090, subdivision (b) is less clear because it refers back to subdivision (a) rather than repeating the language "in an inmate's trust account or similar account." However, Betts's contention that the phase in subdivision (b) "funds held in trust for, or to the credit of" prevents the CDC from making deductions in his wages and trust account deposits because these are moneys held to his credit, would require us to consider this language a vacuum. On the contrary, subdivision (b) must be read in conjunction with subdivision (a) and in accordance with legislative intent. Section 704.090, subdivision (a) exempts only funds held in trust for or to the credit of an inmate *in an inmate's trust account or similar account.* The Legislature amended section 704.090, adding subdivision (b), in order to *reduce* the exemption for funds held in an inmate's account from $1,000 to $300 where a restitution fine or order had been imposed. Subdivision (b) does not expand the exemption for funds held in an inmate's account to include moneys held to the credit of an inmate, but not yet placed in his account. Such an interpretation would be completely contrary to the intent of the Legislature.

Moreover, the distinction between funds held in an inmate's trust account or similar account, and his wages and trust deposits is not a "distinction without a difference." For a variety of reasons, certain types of property belonging to a judgment debtor are made immune from attachment, levy or execution up to a particular amount. (See §§ 704.010-704.210; 16 Cal. Law Revision Com. Rep., *supra,* pp. 1079-1081.) (Thus, for example, there is a $1,000 or $300 exemption for funds held in an inmate's trust account "so

that a prisoner who is released will have some funds on which to live." (16 Cal. Law Revision Com. Rep., *supra,* at p. 1091.) However, these property exemptions have no bearing on the enforcement of judgments against judgment debtors by garnishing their wages or withholding a portion of their earnings, which is an enforcement method with its own discreet and specific exemptions. (See §§ 706.050, 706.051, 706.052.)

As the superior court concluded, Penal Code section 2085.5 is akin to a garnishment statute; it calls for deductions from an inmate's wages and trust account deposits of 20 percent or the amount of restitution outstanding, whichever amount is less (and in no case to exceed a 50 percent deduction), in order to enforce a restitution fine or order. (See Pen. Code, § 2085.5; §§ 706.010-706.025.) Indeed, in 1994, coverage of Penal Code section 2085.5 was expanded to cover trust account deposits in addition to wages because in many instances inmates' funds were coming from sources other than wages, as here, and thus, inmates who had the ability to pay court-ordered restitution were instead "free to . . . purchase televisions, stereo equipment, etc." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 876 (1993-1994, Reg. Sess.) as introduced Feb. 25, 1993; Pen. Code, § 2085.5, subds. (a)-(c); Stats. 1994, ch. 634, § 1.)

### CONCLUSION

Section 704.090 and Penal Code section 2085.5 do not conflict or frustrate each other's purposes; they are harmonious. Pursuant to Penal Code section 2085.5, subdivision (a) or (b), the CDC deducts a percentage of the inmate's wages and trust deposits to go toward satisfying the restitution fine or order, and the balance then goes into the inmate's account, which under section 704.090, subdivision (b) is exempt from attachment, levy or execution up to $300.

### DISPOSITION

The petition for writ of habeas corpus is denied.

Work, Acting P. J., and Nares, J., concurred.

Petitioner's application for review by the Supreme Court was denied July 8, 1998.