[No. A085812. First Dist., Div. One. Sept. 16, 1999.]

NORA E. SABA, Plaintiff and Respondent, v.
BOBBY JEHU STROUP, Defendant and Appellant.

**COUNSEL**

Law Offices of William L. Osterhoudt, William L. Osterhoudt, Ann C. Moorman and Joseph P. Parisi for Defendant and Appellant.

Nancy L. Roeser for Plaintiff and Respondent.

**OPINION**

**STRANKMAN, P. J.**—A judgment creditor garnished cash seized by a county sheriff during an arrest of the judgment debtor on an unrelated criminal matter. The judgment debtor claimed a public policy exemption for

property seized by law enforcement officers from an arrestee. (*Emmanuel* v. *Sichofsky* (1926) 198 Cal. 713, 715 [247 P. 205, 48 A.L.R. 580].) The trial court denied the debtor's claim of exemption and ordered the cash released to the creditor. We reverse the order.

## FACTS

In 1991, respondent Nora E. Saba was renting a room at Nevada's Kit Kat Guest Ranch where women "entertain guests in the rooms." Appellant Bobby Jehu Stroup was a "guest." Appellant punched and whipped respondent in the face. Appellant was convicted of battery and the conviction was affirmed in 1992. Respondent then sued appellant for personal injuries and recovered a default judgment totaling over $2 million in 1996. Respondent could not locate appellant to collect on the judgment. Two years later, in August 1998, Nevada issued an arrest warrant for appellant on murder charges. Appellant was arrested later that month in California's Sonoma County. In the course of the arrest, the Sonoma County Sheriff's Department seized $48,590 in cash from appellant's home closet.

In November 1998, respondent had the sister-state judgment from Nevada entered in California. The amount of the judgment, with interest, was then close to $3 million. A writ of execution was issued and respondent filed a notice of levy under the writ to garnish the cash seized and held by the Sonoma County Sheriff's Department from appellant's arrest. Appellant claimed that an arrestee's property held by law enforcement officers is exempt from the execution of an unrelated civil judgment. The trial court denied the claimed exemption in January 1999, and this appeal followed.

## DISCUSSION

■ It is a long-standing principle that creditors may not garnish an arrested debtor's property seized and held by law enforcement officers. A century ago, our Supreme Court stated: "It is generally held to be the law that property taken from a prisoner on his arrest by an officer charged with that duty is not, while in the hands of such officer, subject to levy, and cannot be reached by the process of garnishment, the reason being that to hold otherwise would lead to a grave abuse of criminal process." (*Coffee* v. *Haynes* (1899) 124 Cal. 561, 566 [57 P. 482].)

The Supreme Court later reaffirmed the rule and explained its rationale: Money "is not subject to attachment or garnishment when it passes involuntarily from [the debtor's] possession to the custody of the officer appointed by law to take it into possession, when such person enters as a prisoner

within the [prison] walls. Public policy requires the adoption and maintenance of this rule. Were it otherwise it would lead to a grave abuse of criminal process. It would tempt creditors whose debtors keep their funds upon their persons, and thus beyond the reach of civil process, to make unfounded criminal charges against their debtors, and bring about their arrest and the transfer of their funds to the custody of the arresting officers, in order to make them reachable by the process of garnishment. It needs no citation of the cases to show that the general rule, as thus broadly stated, is supported by the preponderance of authority." (*Emmanuel* v. *Sichofsky, supra,* 198 Cal. at p. 715.)

◼ Respondent argues that *Coffee* and *Emmanuel* do not establish a general rule of exemption to avoid an abuse of criminal process, but instead provide an exemption only in individual cases where the criminal process was actually abused by the creditor. The trial court accepted this interpretation of the cases. We do not. Both *Coffee* and *Emmanuel* state the exemption as a general rule and emphasize that the exemption is necessary to avoid a situation that could "lead to a grave abuse of criminal process." (*Emmanuel* v. *Sichofsky, supra,* 198 Cal. at p. 715; *Coffee* v. *Haynes, supra,* 124 Cal. at p. 566.) The court made no individualized assessment of whether an abuse of criminal process actually occurred. A law review note written while *Emmanuel* was pending characterizes California's exemption of an arrestee's property as an "absolute rule" supported by the weight of authority. (See Comment (1925-1926) 14 Cal.L.Rev. 318, 321, fn. 1, 322, 325.) Only a minority of jurisdictions conditioned the exemption upon evidence of an abuse of process through the creditor's "bad faith or collusion in the arrest."[1] (*Id.* at p. 322.)

California abides by the general rule exempting an arrestee's property from garnishment, regardless of whether the creditor engineered the arrest, but does recognize a few discrete exceptions. None of these exceptions apply here. *Coffee* permitted garnishment of cash *voluntarily* relinquished *after* the debtor's arrest for murder. (*Coffee* v. *Haynes, supra,* 124 Cal. at p. 567.) In *Coffee*, a defendant in custody tried to support his defense that he killed a police officer because he thought the officer was a robber by directing the police to money and jewelry buried under his cabin floor. (*Id.* at pp. 563-564.) The "money was not taken at the time of the arrest, nor from the

---

[1]The law review writer favored the minority view permitting garnishment except where fraud or collusion in the arrest is proven. (Comment, *supra,* 14 Cal.L.Rev. at p. 325.) The writer's preference was not shared by the Supreme Court which upheld the general preclusion of garnishment upon an arrestee's property and permitted only a narrow exception for postconviction garnishment. (*Emmanuel* v. *Sichofsky, supra,* 198 Cal. at pp. 715-717.) The court-endorsed exception for postconviction garnishment was an alternative position advocated by the law review writer. (Comment, *supra,* 14 Cal.L.Rev. at pp. 323-325.)

person of the defendant, and had no connection whatever with the cause of the arrest." (*Id.* at p. 567.) The Supreme Court found that the police chief "came into possession of [the money] by direction of defendant, and with his consent. [The police chief] is neither more nor less than the bailee of defendant. He does not hold the money in his official capacity, and owes no duty to disburse it in such capacity, and we think it may be reached by garnishment." (*Ibid.*) The garnishment was also made after the defendant's conviction, although the court did not base its decision on that ground. (See *id.* at pp. 563-564 [defendant was convicted on June 13, 1898, and writ of execution was issued June 21, 1898].)

In *Emmanuel*, the defendant-debtor's conviction was the basis for the exception from the rule precluding garnishment of an arrestee's property. The defendant was convicted of larceny and embezzlement but fled during pendency of the appeal. (*Emmanuel* v. *Sichofsky, supra,* 198 Cal. at p. 714.) Years later, the defendant was apprehended with money and diamonds on his person and began serving his sentence. (*Ibid.*) A judgment creditor filed a notice of levy upon the prison warden. (*Id.* at pp. 714-715.) The Supreme Court approved the garnishment. The court determined that the rule exempting an arrestee's property from garnishment did not apply because the arrest "was not made as the result of any criminal charge filed against [the debtor], either by procurement of this [creditor] or of anyone else. It was because he was a fugitive from justice and, in a sense, an escaped convict. His conviction may well be regarded as conclusive evidence that the charge against him was not 'trumped up,' and that his arrest after conviction did not involve an abuse of process. It seems to us that it does no violence to the application of the rule in question to hold that it may properly be limited to those cases where the money or property is taken from the person of the prisoner in connection with his arrest upon a criminal charge, and may as properly be held inapplicable to cases like this, arising after his conviction upon the charge." (*Id.* at p. 716.)

This district has also recognized an exception to the general rule precluding garnishment where the arrestee's property is the "fruit" of the crime for which he or she was arrested, provided the criminal process was not abused. (*Golden Gate C.P. Co.* v. *Superior Court* (1934) 1 Cal.App.2d 426, 429 [36 P.2d 834].) Thus, money obtained by the defendant through writing fraudulent checks and seized upon his arrest for the fraud may be attached by the victim of the crime. (*Id.* at pp. 427-432) While permitting an exception, the court reaffirmed the general rule that property and money unconnected with the charged offense " 'should be no more liable to attachment than if they were in the prisoner's pockets. To hold otherwise would lead to unlawful and forcible searches of the person under cover of criminal process, as an aid to civil actions for the collection of debts.' " (*Id.* at p. 431.)

Here, appellant did not voluntarily relinquish his cash after his arrest, has not been convicted, and did not obtain the cash from criminal acts against respondent. We recognize that the rule precluding garnishment of an arrestee's property is an old one, and the danger of an abuse of process it guards against may have lessened under current conditions. Yet, the continued vitality of the rule has not been questioned. Learned commentators have repeated the rule without criticism. (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 1998) ¶ 6:410; 8 Witkin, Cal. Procedure (4th ed. 1997) Enforcement of Judgment, § 180, pp. 201-202.) If public policy no longer dictates the exemption in the modern world, it is for our Supreme Court or Legislature to say.

### DISPOSITION

The order denying appellant Stroup's motion for exemption from execution of respondent Saba's judgment upon property seized during Stroup's August 31, 1998, arrest and held by the Sonoma County Sheriff's Department is reversed. The property is exempt. Both parties shall bear their own costs on appeal.

Stein, J., and Swager, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 15, 1999. Werdegar, J., and Chin, J., were of the opinion that the petition should be granted.