[No. A106952. First Dist., Div. Five. Oct. 3, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
CHILI WILLIE, Defendant and Appellant.

COUNSEL

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Allen R. Crown, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMONS, J.—In this appeal we review an order entered nunc pro tunc by the sentencing judge releasing funds taken from defendant upon his arrest to pay the Victim Compensation and Government Claims Board (Victim Compensation Board) in satisfaction of a restitution fine. We conclude that the order was improper, although the funds are available for payment of the restitution fine.

### BACKGROUND

In 2001, defendant was convicted of seven sex crimes arising from his ongoing molestation of a teenage boy as well as three misdemeanor counts of firearm possession and one count of contributing to the delinquency of a second boy. Defendant was sentenced to prison for 14 years eight months, and he was ordered to pay a restitution fine of $10,000, a parole revocation fine in the same amount, and restitution to the victim in an amount to be determined. Defendant's conviction was affirmed by this court on appeal. (*People v. Willie* (Apr. 9, 2003, A097431) [nonpub. opn.].)

On April 13, 2004, defendant filed a petition for writ of habeas corpus in the trial court complaining, among other things, that approximately $12,000 belonging to him had been taken by the City of Sonoma Police Department (police department) at the time of his arrest and had been denied to him at trial and thereafter.[1] Defendant requested that the funds be released to him. The habeas corpus petition was eventually denied.

Beginning shortly after defendant was sentenced, a dispute arose between the police department, which was holding defendant's funds, and the Sonoma County District Attorney's Office, which wanted the funds released for payment of defendant's restitution fine. The police department refused to release the funds without a court order.

---

[1] Apparently, the money was found in the search of defendant's motor home as a search incident to his arrest. That same search turned up a vast amount of child pornography.

The Victim Compensation Board obtained a writ of execution of the restitution fine order and served a notice of levy on the police department. Still the police department declined to release the funds. Defendant, who was also served with the writ of execution, filed an opposition to the writ of execution, and a hearing was set for May 13, 2004, before Judge Ballinger. The court minutes show that the scheduled hearing was on a "claim of exemption."

Two days before the hearing on the writ of execution, the district attorney's office filed a separate motion for release of defendant's funds to be paid to the Victim Compensation Board in satisfaction of the restitution fine. The hearing on the writ of execution was then continued to June 17, 2004. On June 16, 2004, the day before the hearing, the original sentencing judge, Judge Daum, acted on the district attorney's motion and entered an order that the money being held by the police department be released to the Victim Compensation Board for payment of the restitution fine. The order was entered nunc pro tunc to the date of sentencing, November 30, 2001. Thereafter, at the hearing before Judge Ballinger on the writ of execution, the parties agreed that the matter had been resolved and there was nothing for Judge Ballinger to do.

Defendant now appeals from the order entered by Judge Daum releasing his funds for payment to the Victim Compensation Board.

DISCUSSION

Penal Code section 1202.4 establishes two forms of restitution to be imposed upon persons convicted of a crime: a restitution fine of up to $10,000 (subd. (b)) and restitution to a victim who has incurred economic loss (subd. (f)). Defendant was subjected to both forms of restitution at sentencing. He was ordered to pay $10,000 as a restitution fine, and he was ordered to pay direct restitution to the victim in an amount to be determined. (A third penalty, the parole revocation fine, was suspended.) It is undisputed that the proceedings at issue here pertain to the restitution *fine* imposed pursuant to subdivision (b) of section 1202.4.

Any judgment for a fine, including a restitution fine, may be enforced in the manner provided for the enforcement of money judgments generally. (Pen. Code, §§ 1202.43, subd. (b), 1214.)[2] A separate judgment is not needed, nor is one authorized. (*People v. Hart* (1998) 65 Cal.App.4th 902, 906 [76 Cal.Rptr.2d 837].) However, the 10-year period of enforceability of a money

---

[2] An order for restitution to the victim is likewise enforceable as if it were a civil judgment. (Pen. Code, § 1202.4, subds. (a)(3)(B) & (f).)

judgment (Code Civ. Proc., § 683.010 et seq.) does not apply to restitution fines (Pen. Code, § 1214, subd. (d)).

■ The most common procedure for collection of a money judgment is execution. A writ of execution is issued by the court and directs a levying officer to enforce the judgment. (Code Civ. Proc., §§ 699.510, 699.520.) When tangible personal property is in the possession of the judgment debtor, the levying officer may take custody of the property. (*Id.*, § 700.030.) On the other hand, when the judgment debtor's tangible property is under the control of a third person, the levying officer cannot seize the property but must serve a copy of the writ of execution and a notice of levy (garnishment). (*Id.*, § 700.040, subd. (a).) The third party custodian must deliver the property levied upon or be held liable for the amount required to be paid. (*Id.*, §§ 701.010, 701.020; see also *id.*, §§ 700.140, 700.160 for deposit accounts.)

All property belonging to the judgment debtor that is not exempt is ordinarily subject to enforcement of the judgment. (Code Civ. Proc., § 695.010, subd. (a).) By statute, inmate trust accounts are exempt to a limited extent: funds belonging to an inmate or prisoner held in a trust account by governmental authorities are exempt from enforcement in the amount of $1,225, except that if the judgment is for a restitution fine, the amount of the exemption is only $300. (*Id.*, § 704.090.)[3] Put another way, an inmate's funds in excess of $300 are available for satisfaction of a restitution fine.[4]

---

[3] Section 704.090 of the Code of Civil Procedure, as amended in 2003, provides as follows: "(a) The funds of a judgment debtor confined in a prison or facility under the jurisdiction of the Department of Corrections or the Department of the Youth Authority or confined in any county or city jail, road camp, industrial farm, or other local correctional facility, held in trust for or to the credit of the judgment debtor, in an inmate's trust account or similar account by the state, county, or city, or any agency thereof, are exempt without making a claim in the amount of one thousand two hundred twenty-five dollars ($1,225). . . . [¶] . . . [¶] (b) Notwithstanding subdivision (a), if the judgment is for a restitution fine or order imposed pursuant to . . . Section 1202.4 of the Penal Code, the funds held in trust for, or to the credit of, a judgment debtor described in subdivision (a) are exempt in the amount of three hundred dollars ($300) without making a claim. . . ."

Property that is exempt "without making a claim" is not subject to any procedure for enforcement of a money judgment. (Code Civ. Proc., § 703.030, subd. (b).) It cannot be levied upon or in any other manner applied to the satisfaction of a money judgment. (*Id.*, § 695.040.) If such property is levied upon, the property may be released pursuant to the procedure for claim of exemption. (*Id.*, §§ 695.040, 703.510–703.610.)

[4] The lower exemption for a restitution fine was added in 1996, and the legislative intent was explained in *In re Betts* (1998) 62 Cal.App.4th 821, 823–824 [73 Cal.Rptr.2d 254]: "In 1996, the Legislature considered eliminating the trust account exemption entirely in cases where a restitution fine or restitution order had been imposed upon the inmate. [Citation.] However, it decided instead to reduce the amount of the exemption, 'making all but $300 in inmate trust accounts available for restitution fines and orders enforceable as civil judgments.' [Citation.]"

In the present case, the record indicates that funds totaling $11,371 belonging to defendant are being held in a trust account by the police department. On the face of the record before us, all but the $300 exemption seem to be available for enforcement of the $10,000 restitution fine.[5]

However, in this appeal we are not reviewing the notice of levy or defendant's claim of exemption. The proceedings on the writ of execution were withdrawn after Judge Daum issued the order that is now before us. We conclude that the district attorney's motion for release of funds and Judge Daum's order in response thereto were not appropriate methods for enforcing the restitution fine.

Enforcement of a restitution fine must be "in the manner provided for the enforcement of money judgments generally." (Pen. Code, § 1214, subd. (a).) It is obvious that the district attorney's real objective in bringing the motion for release of funds was to persuade the police department, as third party custodian of the funds, to deliver the money in compliance with the notice of levy. That motion was not an appropriate method to obtain compliance. (See Code Civ. Proc., §§ 701.020, subd. (a), 708.210 [remedies for third party's noncompliance].) Nor was amending the sentencing order nunc pro tunc a valid method for enforcement of a money judgment. A sentencing court does not have open-ended jurisdiction to modify a sentence; the court's jurisdiction expires after 120 days. (Pen. Code, § 1170, subd. (d); *People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757–1758 [16 Cal.Rptr.2d 340].)

Furthermore, Judge Daum's order on the district attorney's motion for release of funds had the unfortunate effect of aborting the enforcement proceedings that were underway by writ of execution. We conclude Judge Daum's order must be vacated and the matter must be remanded to allow the enforcement proceedings to go forward.

For guidance of the trial court in the enforcement proceedings, we provide the following analysis of the common law rule that was relied upon by the police department in its refusal to release the funds. That rule, recognized long ago by the Supreme Court, states that money belonging to an

---

[5] We see nothing in the statute to preclude enforcement against funds held in trust by the arresting agency, the police department, though defendant is now confined in a prison under the jurisdiction of the Department of Corrections.

arrestee and being held for safekeeping is exempt from execution on public policy grounds. (*Emmanuel v. Sichofsky* (1926) 198 Cal. 713 [247 P. 205]; *Coffee v. Haynes* (1899) 124 Cal. 561, 566 [57 P. 482]; see *Golden Gate C. P. Co. v. Superior Court* (1934) 1 Cal.App.2d 426, 428 [36 P.2d 834]; 8 Witkin, Cal. Procedure (4th ed.) Enforcement of Judgment, § 180, p. 201.) The purpose of the rule is to avoid the potential for abuse of the criminal process. Were an arrestee's money available for attachment or garnishment, creditors would be tempted to make unfounded criminal charges against their debtors so as to bring about the debtor's arrest with a transfer of the debtor's funds to the custody of the arresting officers, making the funds reachable. (*Emmanuel*, at p. 715.)

Defendant now relies upon that common law rule in arguing his funds should not have been released for payment of the restitution fine. Yet, defendant is not simply an arrestee; he has been convicted of the charges. In *Emmanuel*, the Supreme Court held that the judicially established exemption for an arrestee's funds did not apply when the funds were taken after the debtor had been convicted (and was rearrested after fleeing while his appeal was pending). The court reasoned as follows: "[The debtor's] conviction may well be regarded as conclusive evidence that the charge against him was not 'trumped up,' and that his arrest after conviction did not involve an abuse of process. It seems to us that it does no violence to the application of the rule in question to hold that it may properly be limited to those cases where the money or property is taken from the person of the prisoner in connection with his arrest upon a criminal charge, and may as properly be held inapplicable to cases like this, arising after his conviction upon the charge." (*Emmanuel v. Sichofsy, supra,* 198 Cal. at p. 716; cf. *Saba v. Stroup* (1999) 74 Cal.App.4th 1254, 1258–1259 [88 Cal.Rptr.2d 746] [exemption applied where debtor not convicted].)

Here, although the money was taken from defendant upon his preconviction arrest, defendant was eventually convicted of the charges, and that conviction is conclusive proof that the charges were not unfounded. Moreover, defendant was not a judgment debtor when he was arrested; the debt was not created until the restitution fine was imposed after defendant's conviction. Hence, at the time the funds were taken by the police department there was no potential for an abuse of process by a creditor. We conclude the common law exemption for an arrestee's funds does not apply in these circumstances.

■ Furthermore, in our view, the judicially created exemption for an arrestee's funds has been superseded by section 704.090 of the Code of Civil Procedure—at least with respect to money held in a trust account. The statutory exemption for inmate trust accounts was added after the *Emmanuel*

decision and therefore must be construed as overriding that judicial rule.[6] Section 704.090 expands the common law exemption beyond funds belonging to arrestees to include funds of all persons incarcerated, whether convicted or not. At the same time, the statutory exemption is limited to a modest amount (now $1,225), leaving the balance of an inmate's funds *not* exempt. And by setting a separate and lower exemption when the judgment is a restitution fine, the Legislature obviously contemplated that a prisoner's funds in excess of the $300 exemption would be available to satisfy the restitution fine. The statutory exemption of section 704.090, not the common law exemption, controls here.

We are aware that the common law exemption was applied relatively recently in *Saba v. Stroup, supra,* 74 Cal.App.4th 1254, in which the police found more than $48,000 in cash in the home closet of a man arrested on murder charges. The appellate court decided that the funds being held by the sheriff's department were exempt from execution of an unrelated civil judgment (for personal injuries in a different incident) pursuant to the common law rule.[7] The court rejected the creditor's argument that the public policy exemption applies only where the criminal process was actually abused by the creditor. (*Id.* at p. 1257.) Further, the court held that the exception recognized in *Emmanuel* for *postconviction* garnishment did not apply because the arrestee in the case before it had not been convicted. (*Id.* at p. 1259.)

As we have already explained, *Saba* is distinguishable from the present case in that defendant here is not merely an arrestee; he stands convicted of the charges for which he was arrested. Moreover, he was not a judgment debtor at the time the funds were taken from him by the police. *Saba* may also be distinguishable in that the cash seized in that case upon the debtor's arrest seems not to have been placed in a trust account.[8] The court in *Saba* made no mention of section 704.090 of the Code of Civil Procedure pertaining to inmate trust accounts, but the court did observe that the

---

[6] Section 704.090 of the Code of Civil Procedure (Stats. 1982, ch. 1364, § 2, p. 5158) is derived from former section 690.235, which was enacted in 1959 (Stats. 1959, ch. 339, § 1, p. 2265) and renumbered section 690.21 in 1970 (Stats. 1970, ch. 1523, § 46, p. 3076). The reduced exemption for a restitution fine was added in 1996. (Stats. 1996, ch. 1077, § 1, p. 7271; see *In re Betts, supra,* 62 Cal.App.4th at pp. 823–824.)

[7] We note that *Saba v. Stroup, supra,* 74 Cal.App.4th 1254, arose out of Sonoma County and that the police department in the present case relied upon that precedent case in declining to release defendant's funds.

[8] Personal property taken from an arrestee must be inventoried by the property clerk in the police department or sheriff's office. (Pen. Code, §§ 1412, 1413, subd. (a).)

common law exemption "is an old one, and the danger of an abuse of process it guards against may have lessened under current conditions. . . . If public policy no longer dictates the exemption in the modern world, it is for our Supreme Court or Legislature to say." (*Saba v. Stroup, supra,* 74 Cal.App.4th at p. 1259.) As we see it, the Legislature has already spoken in section 704.090 of the Code of Civil Procedure. That statute permits defendant's funds being held in a trust account in excess of the exempt amount of $300 to be levied upon to satisfy the restitution fine.[9]

In summary, we conclude the order made by the sentencing judge releasing the funds from the police department nunc pro tunc to the date of sentencing was unauthorized and must be set aside.[10] However, we will remand the matter for proceedings on enforcement of the restitution fine as a money judgment.

---

[9] We need not and do not decide exactly who qualifies as a judgment creditor entitled to enforce the restitution fine. The statutes are confusing. A restitution fine is a debt of the defendant owed to the state. (Pen. Code, § 1202.43, subd. (b).) While the restitution fine may be paid to the clerk of the court, the probation officer, or other person responsible for collecting criminal fines, the money must be deposited into the Restitution Fund of the State Treasury. (Pen. Code, §§ 1202.4, subd. (e), 1202.43.) The Restitution Fund is administered by the Victim Compensation Board. (Gov. Code, § 13964.) If the restitution fine is collected by the county, the Victim Compensation Board will reimburse the county 10 percent. (Gov. Code, § 13963, subd. (f).)

Yet it is the State Controller who collects debts owed to the state. (Gov. Code, § 12418.) This point is recognized in Penal Code section 1202.43, subdivision (a), which provides that within 60 days after imposition of sentence, if at least $1,000 of the restitution fine remains unpaid, the clerk of the court (or other person responsible for collecting criminal fines) must notify the Controller. Provision is made, however, for enforcement of a restitution fine by a state or local agency: "*Upon request by the Controller*, the district attorney of a county or the Attorney General may take any necessary action to recover amounts owing on a restitution fine." (Pen. Code, § 1202.43, subd. (b), italics added.) In such case, the state or local agency may recover an additional amount to cover its administrative costs. (Pen. Code, § 1202.43, subd. (b).)

In the present case, there is no indication that the district attorney was acting at the request of the *Controller* pursuant to Penal Code section 1202.43. Rather, the district attorney purported to act on behalf of the Victim Compensation Board. Although the Controller is one member of the three-member Victim Compensation Board (Gov. Code, § 13901), the Victim Compensation Board cannot be equated with the Controller. The Victim Compensation Board is separately given authority to enforce an unpaid portion of a restitution fine—but only after the defendant is released and is no longer on probation or parole. (Pen. Code, § 1214, subd. (a).) Because defendant remains in prison, enforcement by the Victim Compensation Board seems to be premature.

[10] We do not examine defendant's argument that he was denied effective assistance of counsel by his trial counsel's failure to seek release of the funds for defendant's use during trial. That argument is not cognizable in this appeal from the amended sentencing order.

### DISPOSITION

The sentencing order entered on June 16, 2004, is reversed, and the matter is remanded for proceedings to enforce the restitution fine as a money judgment.

Stevens, Acting P. J., and Gemello, J., concurred.