Filed 7/12/13  P. v. Briceno CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B242110 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA034110) |
| v. | |
| RAUL BRICENO, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

Law Office of Anthony D. Zinnanti and Anthony D. Zinnanti for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

—————————————

## SUMMARY

Appellant Raul Briceno appeals from a postjudgment order denying his motion to vacate a victim restitution order. We conclude that Briceno has failed to present a justiciable controversy.

## BACKGROUND

In May 2000 Briceno entered a plea of no contest and was convicted of one count each of kidnapping and robbery, with an admission that a principal was armed during the commission of the robbery. Briceno was sentenced to 7 years, 8 months in state prison, and ordered to pay restitution "pursuant to Penal Code section 1202.4[, subdivision] (f),[1] in the amount of [$]700,000[ ] joint and severally with all co-defendant's [sic] to the victim, Armored Transport."

In October 2003, the victim of the crime, AT Systems West, Inc. (AT Systems), filed a civil action against Briceno and his codefendants for unspecified damages for, among other things, theft, embezzlement and misappropriation. AT Systems claimed the defendants had stolen $1,000,672.11. AT Systems alleged that, "[a]lthough an insurance claim was made and much of the outstanding loss was paid with insurance proceeds, [AT Systems] was required to pay a $100,000[ ] deductible." Purportedly, AT Systems's civil action against Briceno and his codefendants was subsequently settled on terms not disclosed in the appellate record, and dismissed.

In February 2012, after his release from prison and discharge from parole, Briceno filed a motion "for an order modifying restitution" pursuant to civil settlement. Briceno asked the court to discharge the entire 2000 restitution order, which had grown to over $905,000 with accumulated interest.[2] A hearing on the motion began on February 16,

---

[1] Unless otherwise stated, statutory references will be to the Penal Code.

[2] The Penal Code does not provide for accrual of interest on restitution fines, attorney fees and probation costs. The Penal Code only permits enforcement of the order for such amounts in the manner provided for enforcement of money judgments.

2012, but was continued to March 16, 2012 after the trial court requested supplemental briefing.

In a supplemental brief, Briceno argued, among other things, that the restitution order should be discharged absent proof that AT Systems was an extant corporate entity. In a declaration accompanying his supplemental points and authorities, Briceno's attorney, Anthony Zinnanti, claimed to have undertaken "extensive due diligence" and had "concluded that victim AT Systems . . . no longer exists." Zinnanti's due diligence consisted of his having looked at the California Secretary of State's website, where he was unable to find AT Systems listed as a corporation, and phone calls to the office of the California Secretary of State seeking to determine if AT Systems still existed, none of which yielded any information.[3] Zinnanti did not present any documentation from the Secretary of State to confirm the results of his inquiries. Zinnanti also submitted a document reflecting that, on the day before the motion was to be heard, he contacted David Calderon, an attorney at the firm that represented AT Systems in the civil action against Briceno and others, seeking "clarification as to why the suit was dismissed . . . ." In his March 16, 2012 response, Calderon informed Zinnanti that his recollection of the aged matter was vague, but he "believe[d] the matter was dismissed after AT Systems decided to pursue the restitution order as a judgment under the Penal Code . . . ." Calderon also said that "AT Systems [had] not been a client of [his] firm for quite some time and [he] believe[d] . . . that they were purchased by another armored car company called Garda," although he acknowledged that he "could be wrong."

Zinnanti made several attempts to contact Garda but was unable to speak with the company's chief legal counsel. He did speak with a "'Legal Department Coordinator'" at

---

[3] On one occasion Zinnanti spoke with an "employee" of the Secretary of State's office who informed him she was "probited from assisting with research or divulging information about any corporate entity." The employee "suggest[ed]" that Zinnanti "have a 'friend' in Sacramento walk in a 'counter request' for information." There is no indication that Zinnanti conducted any further or formal research regarding AT Systems's corporate status or continued existence with the Secretary of State's office.

Garda who did not explicitly confirm the transaction and who "refused to relate whether AT Systems . . . still existed despite acquisition by Garda." The Garda representative informed Zinnanti that the information he sought was "'sensitive,'" but gave him an email address for correspondence with which he said Garda would "deal with 'in due course.'"

Based on his attorney's unsuccessful efforts over the course of about a month to confirm Garda's acquisition of AT Systems, Briceno surmised that Garda expresses zero interest in the pursuit of the restitution order. Briceno argued that Garda's "rife indifference" toward the restitution order, coupled with the fact that it was not a direct victim of the robbery, militated in favor of nullifying the restitution order.

The trial court denied the motion. The court agreed, however, to permit Briceno belatedly to submit a certified document from the Secretary of State—of which the court would take judicial notice—reflecting "that AT [Systems] had been acquired for the sake of just putting that factual issue to rest."[4] The court also noted it would not change the victim's name on the restitution order. That way, in the event Garda sought to collect on the restitution order, it would first have to establish that it was, in fact, AT Systems.

## DISCUSSION

Briceno maintains that the trial court erred and that the restitution order must be vacated because AT Systems, the direct corporate victim of his crimes has purportedly been acquired by another entity and cannot collect on the order.

Absent extraordinary and compelling reasons, "'a victim of [a] crime who incurs [any] economic loss as a result of the commission of a crime [is entitled to] receive restitution directly from any defendant convicted of that crime.'" (*People v. Runyan* (2012) 54 Cal.4th 849, 856; § 1202.4, subd. (a)(1).) For restitution purposes, a victim includes any "corporation, business trust, estate, trust, partnership, association, joint venture, . . . or any other legal or commercial entity when that entity is a direct victim of

---

[4] The record does not reflect that Briceno ever submitted such a document.

4

a crime." (§ 1202.4, subd. (k)(2).) A direct victim is an "'entity that [is] the "immediate object[ ]" of the [defendant's] offense[ ].'" (*Runyan*, at p. 856.) "In addition to compensating victims, the restitution mandate serves rehabilitative and deterrent purposes." (*People v. Hume* (2011) 196 Cal.App.4th 990, 995.)

Section 1214, subdivision (b), provides that an order for a defendant to pay restitution to a victim "shall be fully enforceable by a victim as if the restitution order were a civil judgment, and enforceable in the same manner as is provided for the enforcement of any other money judgment." And "[a]ny portion of a restitution order that remains unsatisfied after a defendant is no longer on probation [or] parole is enforceable by the victim . . . ." (§ 1214, subd. (b); see also § 1202.4, subd. (m).) Although it originates in a criminal forum, a victim restitution order is "enforceable as if [it] were a civil judgment."[5] (§ 1202.4, subds. (a)(3)(B), (f) & (i); *People v. Willie* (2005) 133 Cal.App.4th 43, 47, fn. 2.) No separate judgment is necessary, nor is one authorized. (*People v. Hart* (1998) 65 Cal.App.4th 902, 906.) However, the 10–year period of enforceability for money judgments does not apply to victim restitution orders. (§ 1214, subd. (d)(2).)

Briceno does not contest that AT Systems was entitled to restitution as the direct victim of his crimes, nor does he take issue with the amount of the original restitution order. He argues only that the entire amount should be deemed discharged because the victim of his crimes allegedly no longer exists and is unable to collect upon the order.

---

[5] Although "'a restitution order is enforceable "as if [it] were a civil judgment" [citation], it is *not* a civil judgment. A restitution order does not resolve civil liability.' [Citation.]" (*People v. Vasquez, supra*, 190 Cal.App.4th at p. 1132.) Nor will a civil action against the defendant "discharge [his] responsibility to satisfy the restitution order." (*Id.* at p. 1133.) Civil suits and restitution orders serve different purposes: "in addition to compensating the victim, a restitution order is intended to rehabilitate the defendant and to deter the defendant and others from future crimes." (*Id.* at p. 1133; *People v. Crow* (1993) 6 Cal.4th 952, 957.)

But Briceno has not established that AT Systems no longer exists. Briceno candidly admits that "the fate of A.T. Systems . . . is unclear and neither Garda nor the California Secretary of State provided information." The only evidence in the record regarding AT Systems's nonexistence are representations by Briceno's counsel that he could not find AT Systems listed on the Secretary of State's website, and was unable to obtain information telephonically from the Secretary of State's office to confirm AT Systems's continued existence.[6] Briceno also points to hearsay in correspondence from an attorney who once represented AT Systems. Freely admitting that his recollection "could be wrong," that attorney told Briceno's counsel only that he "believe[d AT Systems was] purchased by . . . Garda." There is no evidence that Garda has ever confirmed to Briceno (1) that it actually did acquire all or part of AT Systems or, (2) if it did, whether AT Systems still existed notwithstanding its acquisition. The most Briceno got out of Garda was a statement by an employee whose authority is unknown that information about AT Systems's existence was "'sensitive.'" Finally, even if Garda did acquire AT Systems, the record is bereft of evidence that an assignment of the right to enforce the restitution order was among the specific assets Garda acquired.

As the party seeking to modify the restitution order, Briceno bears "the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Evid. Code, § 500; *People v. Vasquez*, *supra*, 190 Cal.App.4th at p. 1137.) The abstract posture of Briceno's claim left the trial court with only one reasonable option: to deny the motion.

Briceno will suffer no hardship from our affirmance. Even if Garda acquired AT Systems, and the assets it acquired included the restitution order, Garda has taken no steps to enforce that 13-year-old order against Briceno and may never do so. Briceno may at any time pursue relief on his own upon proper evidentiary showing and authority.

---

[6] Briceno requested and received leave of court to submit proof that AT Systems no longer existed, but never did.

Further, if victim restitution is ever sought against him, Briceno has the additional right to a hearing at that time and will have an opportunity to raise these issues supported by the appropriate factual record and legal arguments.  (§ 1202.4, subd. (i); *People v. Hume*, *supra*, 196 Cal.App.4th at p. 1001; see also *People v. Harvest* (2000) 84 Cal.App.4th 641, 652 ["there is no express statute of limitation on the matter of victim restitution"].)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.

We concur:


MALLANO, P. J.


ROTHSCHILD, J.