Filed 10/30/14  P. v. Shell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065143 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS265808, SCS267045) |
| CHRISTOPHER A. SHELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ana L. Espana, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

Appellant Christopher A. Shell pleaded guilty to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in *People v. Shell* (Super. Ct. S.D. County, 2013, No. SCD267045 (case No. SCD267045), and he appeals from the final judgment entered after that plea under *People v. Wende* (1979) 25 Cal.3d

436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). As we conclude

there was no error, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a judgment following guilty pleas entered in *People v. Shell* (Super. Ct. S.D. County, 2013, No. SCS265808 (case No. SCS265808) and in case No. SCS267045. As such, we have only Shell's statement of the offenses from the change of plea forms, in which he respectively admitted he "possessed a usable quantity of methamphetamine for personal use" and "unlawfully possessed a controlled substance: methamphetamine in a usable amount." The procedural background of these cases is discussed below.

*Case No. SCD265808*

An amended felony complaint filed July 26, 2013 (case No. SCS265808), alleged Shell violated Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance: methamphetamine; counts 1 and 3) and Health and Safety Code section 11364.1, subdivision (a) (possession of paraphernalia used for narcotics; counts 2 and 4). It also alleged Shell had previously suffered four probation denial prior convictions within the meaning of Penal Code section 1203, subdivision (e)(4).

That same day, Shell waived his rights and pleaded guilty to count 3 in exchange for a dismissal of the remaining charges and his agreement he would serve 365 days in local custody and be released to a residential rehabilitation facility when a bed became available. The court advised Shell of his constitutional rights, and also that the charge carried a maximum sentence of three years in prison plus a term of mandatory

2

supervision, a $20,000 fine, and three years of parole or postrelease community supervision with a return to custody for each violation of probation condition. Shell stated he understood his rights and would give them up. He stated he understood the other information and the consequences of his plea. The court accepted the plea, found Shell had knowingly, intelligently, and voluntarily waived his constitutional rights, and granted the motion to dismiss the remaining charges. The court dismissed a trailing misdemeanor case (*People v. Shell*, Super. Ct. S.D. County, 2013, No. SCS263588) and formally revoked, reinstated and terminated probation on two other cases (*People v. Shell*, Super Ct. S.D. County, 2012, Nos. SCS258846, SCS254247) also involving possession of a controlled substance.

In August 2013, Shell's counsel informed the court that Shell wished to withdraw his plea, and the court held a *Marsden* hearing (*People v. Marsden* (1970) 2d Cal.3d 118), after which it denied Shell's request to represent himself. The court suspended imposition of sentence and granted Shell three years of formal probation and committed him to the custody of the sheriff for 365 days with 88 days of credit. The court ordered that Shell may be released to an authorized public defender's representative upon availability of a bed in a residential treatment program.

In September 2013, Shell was arrested by his probation officer for various offenses, including possession of a controlled substance. The court summarily revoked his probation and set the matter for an evidentiary hearing on September 25, 2013. The probation department filed a report of Shell's re-arrest, and a notice to show cause why Shell's probation should not be revoked. The probation officer stated he believed Shell

3

had violated the probation conditions to "[o]bey all laws" and "not knowingly use or possess any controlled substance without a valid prescription."

*Case No. SCS267045*

On September 25, 2013, the day of Shell's evidentiary hearing in case No. SCS265808, the district attorney filed an amended complaint under case No. SCS267045 charging new offenses including oral copulation by force (Pen. Code, § 288a, subd. (c)(2)(A)), false imprisonment by violence, menace, fraud or deceit (Pen. Code, §§ 236, 237, subd. (a)), possession of controlled substance (Health & Saf. Code, § 11377, subd. (a)), and resisting an officer (Pen. Code, § 148, subd. (a)(1)). The court proceeded with the evidentiary hearing as well as a preliminary hearing on the amended complaint. Defense counsel stated that Shell had declined an offer to plead guilty to possession of a controlled substance, and the hearing proceeded with the testimony of the police officer who had found methamphetamine on Shell's person after his arrest and the beginning of testimony from Shell's alleged victim. After a short break, Shell's counsel submitted a change of plea form by which Shell would plead guilty to possession of a controlled substance, methamphetamine in a usable amount, in exchange for dismissal of the remaining counts and consolidation with case No. SCS265808.[1] Shell initialed the change of plea form in which he stated he entered into the plea freely and voluntarily, he was sober and that his judgment was not impaired, and he had not been induced to enter into the plea by any representation of any kind other than the dismissal and "wrap" with

---

[1]    The plea form refers to "wrap with probation" which the probation department referred to as consolidation.

4

probation.  In response to the court's questioning, Shell admitted he read and understood the contents of the plea form, had no questions about it, thoroughly discussed all of his options with his attorney, and understood that by pleading guilty he was giving up his constitutional rights to a speedy and public jury trial, to confront and cross-examine witnesses, the right to remain silent, and the right to present witnesses on his behalf. Shell then entered his plea of guilty.  Defense counsel concurred in the plea.  The court stated it found Shell "knowingly, intelligently, and voluntarily waived his constitutional rights with an understanding of the nature and the charges pending as well as the consequences of the plea."  It found there was a factual basis for the plea and accepted the plea, finding Shell guilty.  It granted the People's motion to dismiss the balance of the charges.  The court formally revoked probation in case No. SCS265808, and set the matter for sentencing after revocation to trail sentencing in the new case.

Several days later, Shell wrote to the trial court and complained that on the day of his guilty plea, his counsel had lied to him by telling him he would be released that night. Shell asked to be released, or that the court set an "emergency" hearing to discuss the matter with new counsel or with Shell representing himself.  The court in an ex parte hearing denied Shell's request for early release and set the matter for another *Marsden* hearing.

On October 23, 2013, the court signed an order in case No. SCS265808 suspending execution of the last one year of Shell's sentence and granting Shell mandatory supervision under various terms and conditions.  The next day, the court held a hearing in case No. SCS267045 for sentencing.  The court expressed its indication to

5

sentence Shell to a midterm of two years in local prison, split, so he would have one year of actual time with 92 days of section 4019 credits, with the balance of the year in the community under mandatory supervision. Shell told the court he was prepared to go forward "if it gets me out today," and he repeated his assertion that he was under the impression when he entered his plea that he was to be released that night. The court explained to Shell that he had entered into a significant plea deal, and that it did not know where Shell had gotten the idea he would be released when he entered his plea. The court said, "[H]ere is the deal. I can go forward with sentencing today, and we will be done with it. I've already told you what I think is the right thing to do in this case. [¶] Do you want me to go forward today or do you want to do a *Marsden*, and then we will start over with the sentencing, continue it a couple of weeks so that you can have a different attorney? It's totally up to you." Shell responded by asking if he could get out on probation, and the court told him he could not, and reiterated its sentencing indication. When Shell stated he wanted to "fight" his sentence, the court said, "I think [defense counsel Hernandez] was going to make a recommendation and argument today on your behalf for probation. . . . [¶] Do you want him to make that argument or a different attorney or if you felt something different? What do you want to do?" Shell responded, "If he can fight, yeah. I want to fight to get out tonight." The court stated that counsel was ready to make that argument, and Shell said, "All right."

Shell's defense counsel asked the court to give Shell straight probation and credit for time served, explaining that Shell was a drug addict and was not eligible for Proposition 36. Ultimately, the court ordered Shell to be committed to the custody of the

6

sheriff for the midterm of two years, with one year in custody and 92 days of credit, and one year of mandatory supervision. The court emphasized it wanted Shell to attend and successfully complete a drug treatment program, if directed by the probation officer. It terminated Shell's probation in case No. SCS265808 without objection by the People.

Shell filed a notice of appeal challenging both the validity of his plea and his sentence or matters after his plea that do not affect the plea's validity, and obtained a request for a certificate of probable cause. In his request, Shell asserted that because of attorney Hernandez's "misguidance" he had entered into the plea, and that he had been denied a *Marsden* hearing and his right to due process.

In March 2014, the court denied Shell's letter request in which Shell asserted he had a substance abuse problem but was not receiving treatment for his addiction and sought to modify his sentence to a residential drug treatment program. Relying on Penal Code section 1170, subdivision (d),[2] the court ruled it lacked jurisdiction because more than 120 days had lapsed since Shell was sentenced. The court noted Shell had a lengthy criminal history involving drugs and other violations, and had had numerous

___

[2]     Penal Code section 1170, subdivision (d) provides in part: "When a defendant subject to this section or subdivision (b) of [Penal Code s]ection 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Pen. Code, § 1170, subd. (d)(1).)

opportunities to address his drug problem, and therefore it was not inclined to consider residential drug treatment in lieu of prison. The court recommended that Shell attend Narcotics Anonymous and Alcoholics Anonymous meetings while in custody, and inquire into drug treatment options upon his release.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436. Under *Anders v. California*, *supra*, 386 U.S. 738, counsel identifies the following possible appellate issues:

1. Whether Shell was properly advised of the consequences of pleading guilty and his constitutional rights, and whether he waived them before pleading guilty.

2. Whether there is evidence in the record compelling the trial court to hold a *Marsden* hearing when Shell complained about his counsel, or did Shell's subsequent comment demonstrate he had abandoned any intention of requesting a *Marsden* hearing.

3. Whether the court abused its discretion in denying probation and sentencing Shell to one year in local custody and one year of mandatory supervision.

4. Whether there is merit to Shell's statement in his request for a certificate of probable cause that he was misled by his defense counsel that he would get out of custody immediately and be under the auspices of drug court; whether his due process rights were violated; whether his counsel rendered ineffective assistance.

8

5.  Whether the trial court correctly denied Shell's request to recall his sentence under Penal Code section 1170, subdivision (d).

We granted Shell permission to file a supplemental brief on his own behalf, but he did not respond.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 [a decision affirming the judgment in a *Wende* appeal requires the Court of Appeal to consider defendant's personally filed supplemental contentions and the reasons they fail].)

## I.

Our reading of the record shows the guilty pleas were entered in accordance with *Boykin/Tahl* (*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122) and supports the trial court's finding—at the time of his plea—that Shell knowingly, intelligently and voluntarily waived his rights and understood the consequences of his plea.

## II.

We conclude Shell abandoned his request for a *Marsden* hearing after the trial court invited him to decide whether he wished to proceed on such a hearing, by expressing his agreement that attorney Hernandez "fight" for his release and not further mentioning his *Marsden* request that day.  In *People v. Vera* (2004) 122 Cal.App.4th 970, the Court of Appeal stated:  "While we are aware of no precedent finding abandonment of a *Marsden* motion, it is established that a defendant's conduct may amount to abandonment of a request to represent himself under *Faretta v. California* (1975) 422 U.S. 806.  [Citations.]  If a defendant can abandon his request to substitute himself for counsel, a defendant can abandon his request to substitute another counsel."  (*Vera*, at pp.

9

981-982; see also *People v. Jones* (2012) 210 Cal.App.4th 355, 361 [citing *Vera* with approval].)

### III.

We conclude the trial court did not abuse its discretion in denying Shell probation and sentencing him to a split sentence of county jail and mandatory supervision. (Pen. Code, § 1170, subd. (h).) The decision to grant or deny probation is vested in the sound discretion of the trial courts. Such decision will not be overturned on appeal unless the record demonstrates the trial court's " 'decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Stuart* (2007) 156 Cal.App.4th 165, 179; see also *People v. Carmony* (2004) 33 Cal.4th 367, 377.)

### IV.

We conclude the trial court ensured that Shell understood his plea agreement and the consequences of his plea, and Shell admitted he had not been made promises in exchange for his guilty plea other than what was reflected on the plea form; that his due process rights were not violated and his counsel rendered effective assistance in connection with Shell's plea, which avoided significant prison time for the other charged offenses.

### V.

We conclude the trial court correctly ruled it lacked jurisdiction to recall Shell's sentence, as the 120-day period had expired as of the end of February 2014. (Pen. Code, § 1170, subd. (d); *People v. Willie* (2005) 133 Cal.App.4th 43, 49 [court's jurisdiction to recall sentence expires after 120 days].)

10

Finally, a review of the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no other reasonably arguable appellate issue.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

11