Filed 2/9/16  P. v. Stanfield CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>PAUL STANFIELD,<br><br>　　　Defendant and Appellant. | A146134<br><br>(Alameda County<br>Super. Ct. No. C138696A) |

In 2000, appellant Paul Stanfield was sentenced to a total prison term of 20 years—an upper term of 10 years for second degree robbery (Pen. Code, §§ 211, 212.5, subd.(c)),[1] plus two 5-year enhancements pursuant to section 667, subdivision (a).  On June 25, 2015, Stanfield filed a pro se motion to reduce his sentence, citing section 1385.  The trial court denied the motion, finding that it lacked jurisdiction to reduce the sentence.

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Stanfield has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the

---

[1] All undesignated statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

1

record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)  We find no arguable issues and therefore affirm.

## I.  BACKGROUND AND PROCEDURAL HISTORY

In July 2000, Stanfield pleaded no contest to second degree robbery and two prior prison term sentencing enhancements under section 667, subdivision (a).  Thirteen other charges, and three prior felony conviction allegations, were dismissed.  He was sentenced the following November, in what appears to have been an agreed-upon disposition, to a second-strike upper term of 10 years for the robbery and an additional consecutive term of 10 years on the sentence enhancements.

On June 25, 2015, Stanfield filed a pro se motion for modification of his sentence, citing section 1385 and arguing that the court could "on its own motion" modify the sentence to impose lesser punishment.[3]  Stanfield asked the court to reduce his sentence and to "suspend" one of the section 667, subdivision (a) enhancements.  By order of July 23, 2015, the court denied the motion for lack of jurisdiction.  Stanfield filed a timely notice of appeal.

## II.  DISCUSSION

The trial court was correct.  "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  A trial court may recall a state prison sentence "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings" (§ 1170, subd. (d)), but it "does not have open-ended jurisdiction to modify a sentence; the court's jurisdiction expires after 120 days."  (*People v. Willie* (2005) 133 Cal.App.4th 43, 49.)

---

[3] Under section 1385, subdivision (a), a "judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."  Section 1385 has been held to allow a trial court to "strike or vacate an allegation or finding under the Three Strikes law . . . on its own motion, 'in furtherance of justice.' "  (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)

Policy reasons support this limitation on the sentencing court's jurisdiction. " 'The obvious danger posed by the perpetuation of a court's jurisdiction to recall a sentence long after it has been executed is that it works an infringement upon the power of the executive branch, under the auspices of the Department of Corrections, to fix sentences and grant parole. . . .' [Citation.] Open-ended authority to recall and resentence would also 'infringe on the power of the Legislature to establish a determinate sentencing system providing statutorily fixed terms for given crimes to be imposed by courts with limited discretion to vary those terms.' " (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1758.)

Although not discussed by the trial court below, and not fully developed in the record before us, the record also strongly suggests that the sentence Stanfield is serving was imposed pursuant to the terms of a plea agreement, as the upper term was imposed and multiple other charges and enhancements were concurrently dismissed. Even if the trial court had jurisdiction to consider modification of Stanfield's sentence, it lacked jurisdiction to impose a sentence inconsistent with the agreed-upon terms of the plea bargain. (See *People v. Segura* (2008) 44 Cal.4th 921, 931 [once a negotiated plea's terms have been accepted, the court lacks jurisdiction to alter those terms to become more favorable to a defendant unless the parties agree].)

No arguable issues are presented.

### III. DISPOSITION

The trial court's order is affirmed.

_____
BRUINIERS, J.

WE CONCUR:


_____
JONES, P. J.


_____
SIMONS, J.